446 So.2d 979 (1984)
Carolyn Sue Shelfo ROBICHEAUX, Plaintiff-Appellee,
v.
Robert Lee ROBICHEAUX, Defendant-Appellant.
No. 83-620.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
Richard E. Chaudoir, Alexandria, for defendant-appellant.
*980 Eugene P. Cicardo, Jr., Alexandria, for plaintiff-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
FORET, Judge.
Plaintiff, Carolyn Sue Shelfo Robicheaux, filed suit seeking a separation from defendant, Robert Lee Robicheaux, along with a rule for custody of the minor child born of that marriage, Brandon Lee Robicheaux. Defendant reconvened, seeking joint custody of the child. After a hearing on the rule, the court awarded custody to the plaintiff and granted visitation rights to the defendant. Defendant appeals the portion of the judgment awarding sole custody of the child to Carolyn Robicheaux.
Robert lives with his mother and his twenty-six-year-old sister. He owns his own truck and auto glass installation business. In the past, his work has required him to travel frequently and to work at night on occasion. His sister is employed and works during the evenings. Robert testified that his mother would take care of the child when he was working. His mother, however, is seventy years old and suffers from bursitis. Carolyn is presently unemployed. Since she and her husband separated, she has had the child in her care.
The trial court found that although the child would not incur "physical harm" under either parent's custody, it would be in the best interest of this two-year-old child for the mother to have custody.
According to the appellant, the presumption that joint custody is in the best interest of the child was not overcome. He contends that the trial court judgment violated Article 146 of the Louisiana Civil Code which provides that joint custody is to be favored and seeks to treat both parents equally by abolishing the legal preference in favor of the mother.
Although the trial court stated that it felt that a two-year-old child could best be taken care of by its mother, this does not necessarily signify that the court favored the mother. In Burch v. Burch, 398 So.2d 84 (La.App. 3 Cir.1981), we held that a trial court's observation that generally the mother is awarded custody of very young children is not an indication of the application of the maternal preference rule in violation of the amended provisions of LSA-C.C. Article 146. Such an observation is rather a recognition of the "real life fact, based on human experience, that it is often, in many if not most family circumstances, in the best interest of young children to be cared for by their mother." Thornton v. Thornton, 377 So.2d 417 (La.App. 2 Cir. 1979). In the case at hand, the trial court considered it in the child's best interest to grant sole custody to the mother.
As for the presumption that joint custody is in the best interest of the child, Article 146 says that this presumption exists unless,
"C.....
(2) The court finds that joint custody would not be in the best interest of the child.
...."
In the present case, the trial court determined that joint custody was not in the best interest of the child. The record provides support for this conclusion. Robert travels frequently. During his absence, Robert's mother may not be able to adequately care for the child. According to the testimony of Mrs. Becker, a friend of the family and nurse, the child's grandmother suffers from bursitis, which could prevent her from lifting the child.
The trial court, in its determination to award custody of the Robicheauxs' two-year-old son to his mother, considered the living conditions of both parents, the child care arrangements, and the working hours of the parents and concluded that it was in the best interest of the child that custody be awarded to Carolyn. Our courts have repeatedly held that great weight is to be given to the decisions of the trial court in custody matters, and absent a finding of abuse of discretion, its decision will not be disturbed. Cleeton v. Cleeton, 383 So.2d 1231 (La.1979). We discern no abuse of the *981 trial court's discretion in the instant case. The trial court had the opportunity to view the opposing parties and to evaluate the competing interests. The trial court concluded that it was in the best interest of the child that custody be awarded to Carolyn Robicheaux. We find no error.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.