465 So.2d 175 (1985)
Mark Wayne DOUCET, Plaintiff-Appellee,
v.
Deborah Ann DOUCET, Defendant-Appellant.
No. 84-228.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*176 Jim Ortego, Lake Charles, for defendant-appellant.
Errol D. Deshotels, Oberlin, for plaintiff-appellee.
Before LABORDE, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
Deborah Ann Doucet, the mother of five year old Brandy Lynn Doucet, appeals a joint custody order which gave the father, Mark Wayne Doucet, physical custody of the child for nine months of every year. Appellant contends that the trial court's decision was an abuse of discretion and that she, rather than the father, should be the parent having the greater time share of physical custody. Finding no abuse of discretion, we affirm.
These young parents were married in 1978. One child, Brandy Lynn, was born January 5, 1980. The couple separated in January 1983. Shortly after a suit for separation was filed by the husband, the parties executed a "joint custody stipulation" in which they acknowledged that their minor daughter had "more or less" lived in the home of the paternal grandparents since her birth, and that they desired joint custody but wanted the child to continue to live in the home of its grandparents, with each parent to have visitation privileges. The home of the grandparents is in Ragley, Allen Parish, Louisiana.
After the separation Mark went to live with his parents with the child, and he has lived there ever since. Deborah, within two weeks after the separation, took up residence with another man in Westlake, Calcasieu Parish, Louisiana, who has custody of two children by a former marriage, and Deborah has lived there with him continuously since.
The custodial situation was apparently governed by the joint custody stipulation until a February 1984 judgment of joint custody, which is the judgment appealed from, which followed hearings in late 1983 and early 1984 involving custody as well as the action for divorce. The February 1984 judgment gave joint custody to Mark and Deborah Ann, in its terms "awarding the *177 physical custody of the minor child to Mark Wayne Doucet during the school year and awarding the physical custody of the minor child to Deborah Ann Doucet, during the summer months", with further provisions governing visitation rights every other weekend for the parent not having the physical custody, and provisions for the major holidays.
The evidence indicates that during the latter part of 1983 the father was gone for a few weeks working in Texas, and around Christmas of that year the child spent one month with its mother. Everyone recognized that the child was happy and got along well with its mother during that one-month period. There was also evidence that the mother intended to marry the man with whom she had lived since the separation and that this marriage was scheduled to take place shortly after the February judgment.
Appellant argues: (1) during the month in late 1983 that she had the child she demonstrated her ability to care for it; (2) the father during the same time period demonstrated that he is less able to care for the child because of extended absences; and (3) to the extent that her moral conduct might have influenced the trial court in its award of physical custody, that conduct would soon be irrelevant because of her planned remarriage.
Taking these arguments up in inverse order, we note that the initial reason why Brandy Lynn was living with her grandparents (in addition to the fact that her father also lived there) was a voluntary and joint decision made by the parents, and the trial judge had nothing to do with that decision. Our reading of the trial judge's remarks made during the decision in the case convinces us that, while he was aware that the mother had been living in adultery for over a year, this was far less a moving consideration to him than was the stability of environment factor in determining which parent was to get the major part of the physical custody in this February 1984 judgment. There is nothing in his comments or in this record to convince us that had appellant been married at the time of the custody hearing, it would have made any difference in the trial judge's determination that the father should get the majority of physical custody.
As to the other arguments, we are not sufficiently impressed by the evidence that the appellant successfully cared for the child for one month, or that the father spent about the same amount of time out of town on a job, to say that this so changes the custodial suitability picture as to result in a complete reversal of the trial court's determination of physical custody. There was evidence that both parties work, and if Brandy Lynn is not with her grandmother during the day (in her father's custody) she would have to be in a nursery (in her mother's custody). Although Brandy Lynn is only five, the trial judge explained that he was looking ahead to her entry into kindergarten and the fact that the parents lived in two separate parishes, making it impractical for there to be any substantial division of physical custody during the school year.
The standard of review in custody cases requires us to give the trial court decision great weight, and to overturn it only when there is a clear abuse of discretion. Bentley v. Bentley, 440 So.2d 1362 (La.App. 3rd Cir.1983). The best interest of the child remains the paramount consideration in any custody determination. Ferry v. Ferry, 433 So.2d 359 (La.App. 3rd Cir.1983).
As pointed out by the Fourth Circuit in Krotoski v. Krotoski, 454 So.2d 374 (La.App. 4th Cir.1984), and the Second Circuit in Carroway v. Carroway, 441 So.2d 494 (La.App. 2nd Cir.1983), joint custody means a physical sharing of the child in addition to both parents' participation in decisions affecting the child's life, but it does not necessarily mean a fifty-fifty sharing of time. Each case, in accordance with Louisiana Civil Code art. 146(C)(2), dealing with joint custody, will depend on the child's age, the parents' situations, and other factors relevant to a particular child custody dispute. Stability of environment is a legitimate factor to be considered in a custody case. Primm v. Primm, 409 So.2d 1288 (La.App. 2nd Cir.1982).
*178 The appellant has not succeeded in convincing us that the trial court's decision in this casea decision continuing an environmental situation comporting with the parents' active wishes for the first four years of the child's lifeis an abuse of discretion, or that any other residential arrangement would be clearly beneficial to the child. The record shows both parents love the child, and that both will do their best to care for her wherever she is. The trial judge thought that the best interest of the child would be served by a stable environment, requiring a residential plan nine months of the year with the father, but allowing liberal visitation. The record fully supports that decision. Appellant's argument that nine months of the year in the father's custody (despite her having weekend visitation every two weeks during that time) is too much, and that a residential custody arrangement exactly the opposite, favoring her, would be better, is little more than the argument of maternal preference. The maternal preference rule and any presumption thereunder has been abrogated. LSA-C.C. arts. 146 and 157. Ferry v. Ferry, supra.
Finding no error in the award of joint custody as made by the trial court, we affirm at appellant's costs.
AFFIRMED.