KING, Judge.
The sole issue presented by this appeal is the correctness of the trial court's award of joint custody of minor children to their divorced father and mother.
Geraldine Jones Warner, (hereinafter plaintiff) filed a petition seeking sole custody, or alternatively, joint custody, of her two minor children, Tawanda Warner and Cliff Warner, Jr. (hereinafter the minor children). Cliff Warner, (hereinafter defendant) the children’s father, had sole custody of the minor children, subject to visitation rights in favor of the plaintiff, since March, 1981. A hearing on plaintiffs petition was held on December 12, 1983. At that time plaintiff, through her counsel, advised the court that she was abandoning her request for sole custody and that she was only seeking joint custody. After a hearing the trial judge gave oral reasons for judgment and rendered judgment granting joint custody of the minor children to the plaintiff and defendant. At that time the trial judge also ordered the two parties to submit to the Court a written custody implementation plan prior to issuance of the joint custody decree. A written custody implementation plan was submitted to the court by the defendant on January 6, 1984. On April 23, 1984 the trial judge signed a judgment awarding joint custody of the two children to the parties and approved a plan to implement the joint custody order which plan was set forth in the judgment. From this judgment ordering joint custody of the minor children, the defendant has timely taken this appeal. We affirm.
FACTS
Cliff and Geraldine Warner were married on May 3, 1975. Tawanda Warner and Cliff Warner, Jr. were born of the marriage. The record shows that plaintiff began having an affair with another man in January, 1981. As a result of this affair, plaintiff became pregnant and shortly thereafter had an abortion. In March, 1981 the parties physically separated and on April 9, 1981 a judgment of divorce was rendered in favor of defendant and against plaintiff with the issue of custody of the minor children being reserved for a determination in further proceedings. The minor children remained with the defendant from the time of the parties’ physical separation. The record reflects that since the separation of the parties there has been a great deal of conflict and bitterness between them and that from the time of the judgment of divorce the parties have been litigating in court frequently.
The first litigation regarding custody of the minor children took place when plaintiff sought a change of custody on June 16, 1981. After a hearing, the court in its written reasons for judgment ruled that the custody of the minor children should remain with the defendant because of his attitude toward the care of the children and until plaintiff could get her personal life in a more stable position.
The parties had difficulty with child visitation and on August 6, 1981 plaintiff filed a rule to set specific visitation privileges. On August 31, 1981 the court granted plaintiff specific visitation privileges allowing her to have the children every other weekend, alternating holidays, and for a one month summer visitation.
On May 5, 1982 plaintiff filed a rule seeking a change of custody with sole custody to be awarded to her. This request was denied on June 4, 1982 after a hearing. The trial judge found that it would not be in the children’s best interest at that time to uproot them from one environment and place them in a totally different environment.
On December 13, 1982 defendant filed a rule to allow him to retain custody of his children for the weekend of January 1, 1983, when plaintiff was entitled to visitation, in order to allow the minor children to participate in his marriage. He claimed it was necessary to file a rule because plaintiff had visitation rights on this particular weekend and refused to trade weekend visi *1055 tation or allow the children to come to his wedding.
Finally, this present rule for custody was filed on August 26, 1983 by plaintiff seeking sole custody of the minor children or alternatively, joint custody.
The law applicable to joint custody is set forth in LSA-C.C. Articles 157 and 146. LSA-C.C. Art. 157 was amended in 1982, effective January 1, 1983, to provide that all custody awards after that date shall be made in accordance with LSA-C.C. Art. 146. Article 146 of the Civil Code was amended at the same time to provide a rebuttable presumption that joint custody is in the best interest of the child, unless the parents agree to an award of custody to one parent or the court finds that joint custody is not in the child’s best interest. Section F of Article 146 provides that any existing custody order may be modified at any time to an order of joint custody in accordance with the provisions of this article. Article 146 was again amended, by Acts 1983, No. 695, § 1, effective August 30,1983, so that Paragraph C now reads as follows:
“[C]. There shall be a rebuttable presumption that joint custody is in the best interest of a minor child.
(1) However, the parents may agree to an award of custody to one parent.
(2) The presumption in favor of joint custody may be rebutted by a showing that it is not in the best interest of the child, after consideration of evidence introduced with respect to all of the following factors:
[A list of twelve factors, (a) through (i), then follow.]” LSA-C.C. Art. 146, as amended.
Recently, the Louisiana Supreme Court in Turner v. Turner, 455 So.2d 1374 (La.1984), reviewed and clarified the application of Civil Code Art. 146. This court, in Long v. Long, 458 So.2d 662 (La.App. 3rd Cir.1984), reviewed the decision in Turner and stated that:
“In Turner the Supreme Court said:
‘The Legislature ... established the rebuttable presumption that joint custody arrangements would be in the child’s best interest. C.C. 146(C). This presumption has caused some confusion. Some lower courts seem to believe that the article' requires granting joint custody. Such is not the case; the article clearly provides that there is only a presumption in favor of joint custody, and that it may be rebutted upon a proper showing that a different arrangement is in the child’s best interest....’
The court explained that once a party seeking to attain or retain sole custody shows that custody in one parent is in the best interest of the child, the presumption is destroyed. The court also said that trial courts do not complete their judicial function by simply resting on the legislative presumption to solve the case, but must become active participants in the case, and pursue actively that course of conduct which will be of the greatest benefit to the child.” Long v. Long, 458 So.2d 662 at page 663 (La.App. 3rd Cir.1984).
The trial judge, after the custody hearing on December 12, 1983, orally rendered judgment granting plaintiff’s request that the parties be awarded joint custody of the minor children. It is clear from the trial judge’s oral reasons for judgment that he was basing his decision for joint custody in light of the best welfare of the minor children and not out of a supposed duty to make an award of joint custody. As plaintiff, through her counsel, had advised the Court at the beginning of the custody hearing that she was abandoning her request for sole custody of the minor children and was only seeking joint custody of the minor children, the burden of proof was upon the defendant to establish that joint custody was not in the best interest of the minor children. La.C.C. Art. 146(C); Doyle v. Doyle, 465 So.2d 167 (La.App. 3rd Cir.1985), writ den. 467 So.2d 1136 (La.1985).
Although the record does indicate some bitterness between the parties relating to plaintiff’s adulterous conduct during the marriage, both plaintiff and defendant testified that they would be willing to freely *1056 exchange information with each other concerning the minor children’s medical and educational needs and progress. Both parties acknowledged the need for the minor children to be in contact with the other parent. The conflicts and bitterness between the parties do not seem to have affected the minor children in any way. The evidence established, and the trial judge found, that plaintiff had put her immoral conduct behind her and had exhibited a sincere concern for the minor children. The record demonstrates that she has always exhibited an interest in her children and has zealously exercised her visitation rights and privileges. Plaintiff testified she actively desired to have more input in her children’s educational, religious and medical decisions, as well as more physical contact with her children. Defendant stated that he had fears about the joint custody arrangement working because he felt plaintiff only wanted the children to regain respect and obtain revenge. The defendant further stated that he was concerned about plaintiff’s mental health and her aggressiveness, instability, and uncertainty of her role as a mother. The trial judge obviously determined that defendant had not met his burden of proving that joint custody was not in the best interest of the minor children and determined that an award of joint custody would serve the best interest of the minor children.
The standard of review in custody cases requires us to give the trial court decision great weight, and to overturn it only when there is a clear abuse of discretion. Doucet v. Doucet, 465 So.2d 175 (La.App. 3rd Cir.1985); Doyle v. Doyle, supra; Robicheaux v. Robicheaux, 446 So.2d 979 (La.App. 3rd Cir.1984); Lachney v. Lachney, 446 So.2d 923 (La.App. 3rd Cir.1984), writ den. 450 So.2d 964 (La.1984). We find that the decision of the trial judge is not clearly erroneous and it will not be overturned as an abuse of discretion.
After orally rendering judgment awarding joint custody the trial judge ordered both parties to submit and file in the record written custody implementation plans before issuance of a written custody order, in accordance with La.C.C. Art. 146(A)(1). A plan for implementation of the joint custody order was incorporated in and made a part of the final joint custody judgment rendered and signed in this matter. Under the approved plan to implement the joint custody judgment, plaintiff’s physical custody was increased by only a few weeks over the visitation previously enjoyed by her under a prior visitation plan which the record showed worked relatively well. The minor children will be domiciled with the defendant during the school year and with plaintiff during the summer months, except for the week after school ends and the week before school begins and for a two week summer visitation during June or July with the father, with the non-domiciliary parent having visitation privileges on alternating weekends and major holidays. The trial, court’s plan of implementation of the joint custody order, in effect, awards physical custody to the defendant subject to generous visitation privileges with the plaintiff but also allows the plaintiff, under the joint custody order, the right to an exchange of information concerning the health, education, and welfare of the children, and the right to confer with the defendant in the exercise of decisions affecting the rights of the minor children. Joint custody means a physical sharing of the minor children in addition to both parents’ participation in decisions affecting the minor children’s lives, but it does not necessarily mean a fifty-fifty sharing of time. Doucet v. Doucet, supra, and cases cited therein.
Finding no error in the award of joint custody as made by the trial court, the judgment of the trial court is affirmed. All costs of this appeal are taxed to the defendant-appellant.
AFFIRMED.