491 So.2d 149 (1986)
Peggy Shorts RITTER, Plaintiff-Appellee,
v.
Kenneth August RITTER, Jr., Defendant-Appellant.
No. 85-848.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*150 Armentor & Wattigny, Gerard B. Wattigny, New Iberia, for plaintiff-appellant.
Cole, Guidry & Prather, Robert L. Cole, Lafayette, for defendant-appellee.
Before LABORDE and KING, JJ., and PAVY, J. Pro Tem.[*]
KING, Judge.
The issues presented by this appeal are whether or not the trial court erred in its award of child custody and child support.
Peggy Shorts Ritter (hereinafter referred to as the plaintiff) and Kenneth August Ritter, Jr. (hereinafter referred to as the defendant) were married on September 1, 1973. Two children were born of their marriage, Marnie E. Ritter and Kenneth August Ritter, III.
Plaintiff filed a petition for divorce on February 14, 1985, on the grounds of living separate and apart for more than one year. She sought sole custody of the two minor children born of the marriage and child support. Defendant answered the suit admitting that they had lived separate and apart for more than one year, but seeking joint custody of the two minor children born of the marriage and asserting that the plaintiff also had an obligation to support the children.
The rule for custody and support was heard on April 8, 1985 and taken under advisement. The trial court rendered written Reasons for Judgment on April 12, 1985, which were filed in the record on April 15, 1985. Subsequently, the trial court amended its written Reasons for Judgment on May 1,1985, which were filed in the record on May 3, 1985. A Judgment on Rule was read and signed by the trial court on May 24,1985, ordering the defendant to pay to plaintiff $2,200.00 per month as child support and granting joint custody of the two minor children to the plaintiff and the defendant, with the plaintiff being the custodial parent and the defendant having visitation privileges.
The defendant filed a Motion For New Trial claiming that the trial court took into consideration an erroneous net monthly income figure for defendant in fixing the amount of child support to be paid by the defendant. The trial court denied the defendant's Motion For New Trial without a hearing on June 13, 1985.
The defendant timely appeals and alleges as assignments of error that:
(1) The trial court erred in fixing the amount of child support that it awarded to plaintiff;
(2) The trial court erred in failing to provide joint custody of the minor children of the marriage;
(3) The trial court erred in failing to grant a new trial to the defendant; and
(4) The trial court erred in failing to reduce the child support by at least one-half during the month of June, July and August of each year during which months the defendant was to have visitation with the children for two weeks or one-half of each of those months.

CHILD SUPPORT
In his first assignment of error, the defendant alleges that the trial court erred in awarding child support in the amount of $2,200.00 per month to the plaintiff.
*151 The Louisiana Supreme Court has stated that:
"Louisiana Civil Code Article 227 provides that parents have the obligation to support, maintain, and educate their children. This support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Sarpy v. Sarpy, La.App., 323 So.2d 851 (1975), cert. denied, La., 328 So.2d 166 (1976); Phillips v. Phillips, La.App., 319 So.2d 566 (1975)." Ducote v. Ducote, 339 So.2d 835, 838 (La.1976).
We have held in connection with awards of child support by the trial court that:
"The trial court is vested with wide discretion in determining the amount of child support to be contributed by each parent. [footnotes omitted] Such a determination will not be disturbed absent a showing the trial judge abused that discretion." Arceneaux v. Arceneaux, 426 So.2d 745, 747 (La.App. 3rd Cir.1983).
In his assertion that the trial court's award of child support was excessive, the defendant relies heavily upon an error made in the computation of the defendant's net monthly income as reflected in the original Reasons for Judgment rendered by the trial court. In its original written Reasons for Judgment, the trial court mistakenly calculated the defendant's net monthly income to be $8,460.00; but in its amended written Reasons for Judgment, the trial court corrected that figure to show a net monthly income of $4,644.00. Regardless of the change in the net income figure, the trial court was of the opinion that the amount of child support originally awarded, that is $2,200.00 per month, was the amount the defendant should be ordered to pay. The defendant maintains that the trial court erred in not granting his Motion For A New Trial and not reducing the award of child support in light of the trial court's original error in the calculation of the defendant's net monthly income.
It is readily apparent from examining the trial court's original and amended Reasons for Judgment that the trial court was of the opinion that the defendant was well able to pay the amount of child support originally fixed, even though the trial court had recalculated and taken into account the lower net monthly income of the defendant. The trial court noted in its Reasons for Judgment that the defendant's income, as reflected in his Affidavit of Expenses and Income filed during the hearing on the rule, was considerably understated and his expenses were grossly exaggerated. The trial court also noted in its Reasons for Judgment that the defendant was the sole stockholder of a medical corporation which had substantial amounts of accumulated income that were distributed annually as a bonus or dividend to give the defendant money to repay his prior personal loans to the corporation. The trial court noted that the corporation had contributed over $20,000.00 in 1984 to the defendant's retirement plan in his solely owned corporation, which was in excess of the amounts defendant received during the year. We also note that the corporation's 1984 Federal Income Tax Return shows that over $81,000.00 was paid during the year as compensation to the defendant. The trial court found that the defendant had the capability of borrowing from the corporation or causing disbursement of the corporation's accumulated income to himself, at his discretion, both of which the record reflects had been done on numerous prior occasions. The trial court also noted that the defendant owned interests in numerous other corporations and stated that it did not believe the defendant's assertions that none of these other corporations were producing income. The trial court also pointed out that the defendant owned a one-third interest in a yacht valued at $100,000.00 and paid for the expenses to operate this yacht on his offshore fishing trips. All of these *152 trial court findings are supported by evidence in the record.
The defendant also contends that the plaintiff, because she is gainfully employed, should contribute more to the support of the children. However, the trial court found that the plaintiff's gross income was only $1,500.00 per month, whereas the defendant's net income was $4,644.00 per month. The trial court was also impressed with plaintiff's list of expenses for the maintenance of herself and the children and was of the opinion that it was very conservative.
The trial court, recognizing that the children were accustomed to an affluent lifestyle, found that $2,500.00 to $2,600.00 per month was required in order to maintain the children in the lifestyle to which they were accustomed. The trial court ordered the defendant to pay $2,200.00 per month, which meant that the plaintiff would necessarily bear the obligation of providing the remaining funds needed to support the children. Considering the plaintiff's income, the $300.00 to $400.00 difference is a substantial amount. See Sims v. Sims, 457 So.2d 163 (La.App. 2nd Cir.1984). As the trial judge stated, "The amount that Dr. Ritter is ordered to pay towards the support of his children is in comparison to his income and earnings, very small indeed." We can find no clear error on the part of the trial court in this regard.
Though the amount of child support awarded by the trial court for the support of the two children in this case is considerable, given the broad discretion afforded to the trial court in determining the amount of child support and the evidence presented in this case, we cannot say that the trial court abused that discretion. Additionally, considering the fact that the defendant himself continues to enjoy an extremely affluent lifestyle, as evidenced by his claimed living expenses and his expensive pleasure yacht, his complaint about his support obligation is without merit. If defendant's affluent lifestyle conflicts with his ability to support his minor children, then the needs of his minor children must be met first and foremost. Collins v. Collins, 359 So.2d 744 (La.App. 4th Cir.1978). For this reason we do not find that the trial judge abused his discretion or committed clear or manifest error in ordering the defendant to pay child support of $2,200.00 per month.

JOINT CUSTODY
The defendant claims that the trial court erred in failing to provide joint custody of the minor children of the marriage. The defendant maintains that he should have been awarded custody of the children for the entirety of the summer.
The defendant in his specifications of error and his appellate brief has made two misstatements regarding the trial court's award of custody. The defendant first states in his specification of error that the trial court failed to award joint custody; however, the trial court's Judgment on Rule, as well as the original written Reasons for Judgment and the amended written Reasons for Judgment, clearly reflect that the trial court did in fact award joint custody of the children. The defendant also states in his brief that the trial court only granted him two weeks of visitation during the summer months. However, the written Reasons for Judgment and the Judgment on Rule clearly reflect that the trial court awarded visitation rights to the defendant for two weeks during each of the summer months. The Judgment on Rule reads in pertinent part that:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the custody of the minor children, Marnie E. Ritter and Kenneth August Ritter, III is granted jointly to plaintiff and defendant with PEGGY SHORTS RITTER being the custodial parent and KENNETH AUGUST RITTER, JR. having visitation privileges with the minor children as follows:

1. Every other weekend from Friday at 6:00 p.m. until Sunday at 6:00 p.m.;
2. Every other major holiday and every Father's Day;

*153 3. Two weeks during each of the summer months of the summer school vacation period;

4. The children's birthday shall be alternated between the parties." (Emphasis added.)
LSA-C.C. Art. 146(D) provides that:
"For purposes of this Article, `joint custody' shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage. In making an award of physical custody, the court shall consider, among other things, the factors enumerated in Paragraph (C)(2). Joint custody shall also mean that the parents shall enjoy the natural cotutorship of such children in accordance with Article 250, subject to the plan of implementation effected pursuant to Paragraph A of this Article. Physical care and custody shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parents. An award of joint custody obligates the parties to exchange information concerning the health, education, and welfare of the minor child; and, unless allocated, apportioned, or decreed, the parents or parties shall confer with one another in the exercise of decision-making rights, responsibilities, and authority."
See also Chaudoir v. Chaudoir, 454 So.2d 895 (La.App. 3rd Cir.1985).
This court has recently commented on joint custody stating that:
"As pointed out by the Fourth Circuit in Krotoski v. Krotoski, 454 So.2d 374 (La. App. 4th Cir.1984), and the Second Circuit in Carroway v. Carroway, 441 So.2d 494 (La.App. 2nd Cir.1983), joint custody means a physical sharing of the child in addition to both parents' participation in decisions affecting the child's life, but it does not necessarily mean a fiftyfifty sharing of time. Each case, in accordance with Louisiana Civil Code art. 146(C)(2), dealing with joint custody, will depend on the child's age, the parents' situations, and other factors relevant to a particular child custody dispute." Doucet v. Doucet, 465 So.2d 175, at page 177 (La.App. 3rd Cir.1985).
It is quite apparent that the trial court was not of the opinion that it would be in the best interest of the children to be placed with the defendant for the entire summer. In its written Reasons for Judgment, the trial court stated:
"The Court finds that both parents have presented a sincere desire to have custody of the children. The defendant, Dr. Ritter, has requested that they have joint custody. The only problem confronting the Court is the care that would be available to the children when they are visiting with and under the custody of their father, Dr. Ritter."
The record supports the trial court's concern. The defendant's own testimony revealed that his work hours often vary and that he is on call every other night during the week and every other weekend. The defendant also admitted that he is often called out on emergencies. The plaintiff testified that while she and the defendant were still living together, the defendant would generally get home from work anywhere from 8:00 to 10:00 P.M., and that he was often called out at midnight and did not return until 2:00 A.M. The evidence also shows that the defendant spends most of his weekends off during the summer fishing more than one hundred miles offshore on his yacht.
Though the defendant stated that he would have a competent person available to stay with the children when he is away, it is readily apparent that these young children would be better off with their mother, the plaintiff, as the custodial parent, during the greater part of the year.
The trial court's decision in child custody cases is to be given great weight and is to be overturned only when there is a clear abuse of discretion. Doucet v. Doucet, supra. Review of the record reveals ample evidence to support the trial court's determination that the best interest of the children requires that the physical custody of the children should be placed with the plaintiff for the majority of the time. Accordingly, *154 we find no abuse of discretion on the part of the trial court and this assignment of error is without merit.

MOTION FOR NEW TRIAL
In his third assignment of error the defendant contends that the trial court erred in failing to grant a new trial on the motion of the defendant. After the Judgment on Rule was signed, the defendant filed a Motion For New Trial because of what he alleges were conflicting findings of fact in the trial court's original and amended Reasons for Judgment and erroneous conclusions by the trial court. Having found that the defendant's first and second assignments of error are meritless, we accordingly find that this assignment of error also has no merit.

CHILD SUPPORT DURING SUMMER MONTHS
Finally the defendant avers that the trial court erred in failing to reduce the support payments during the summer months when the children were spending one-half of each of those months with the defendant.
As mentioned previously, the trial court is afforded wide discretion in determining the amount of child support. Arceneaux v. Arceneaux, supra. It is clear that it is within the discretion of the trial court to reduce the amount of child support, owed by a father, during those times in which that father has physical custody of the children pursuant to the court's joint custody plan. Chaudoir v. Chaudoir, supra. However, it is equally clear that it is within the trial court's discretion not to order such reductions in the child support obligations of the father. We note that there are many expenses incurred by the domiciliary parent for the maintenance of the children that will remain constant even though the children may be visiting with the other parent; such as the cost of maintaining housing, insurance, utilities, and other fixed expenses. We accordingly find no abuse of discretion on the part of the trial judge in not reducing the amount of child support to be paid by the defendant during the time that the children are visiting with him. This assignment of error has no merit.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed against the defendant.
AFFIRMED.
NOTES
[*] Judge H. Garland Pavy of the Twenty-Seventh Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court.