504 So.2d 567 (1987)
David L. CARRIERE, Plaintiff-Appellant,
v.
Jay D. ALEXANDER, Defendant-Appellee.
No. 86-177.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
Rehearing Denied April 15, 1987.
Writ Denied June 19, 1987.
*568 David L. Carriere, Opelousas, for plaintiff-appellant.
Steven Bienvenu of Guglielmo & Lopez, Opelousas, for defendant-appellee.
Before DOUCET, LABORDE and KING, JJ.
DOUCET, Judge.
Mr. and Mrs. Carriere were married on June 3, 1977 in Baton Rouge, Louisiana. Two children were born of the marriage, namely Michaela Carriere, age 6, and David Carriere, Jr., age 4. The couple physically separated on February 10, 1985 and judgment of separation was rendered on May 21, 1985. Mr. and Mrs. Carriere thereafter obtained a judgment of divorce on November 22, 1985.
By agreement signed May 21, 1985, the parties agreed to the custody, physical possession and support of the minor children of the marriage. The provisions relative to child support and alimony pendente lite provided that a basic monthly sum of $930.00 was to be paid to Mrs. Carriere. In addition, the agreement provided that Mr. Carriere was to pay the tuition and registration expenses for the education of the children, Michaela's dancing tuition, automobile insurance, and all necessary and reasonable medical expenses for the children and Mrs. Carriere, through divorce. Mr. Carriere further agreed to maintain major medical insurance coverage. The agreement provided as well that the parties would enter into a separate arrangement relative to child support after July 1, 1985. A separate arrangement relative to child support was never agreed upon.
On November 6, 1985, Mrs. Carriere was granted, by the Twenty-Seventh Judicial District Court, an increase in the monthly payments due by Mr. Carriere to $1,000.00 per month. It is from this increase in child support that Mr. Carriere appeals.
In Mr. Carriere's first assignment of error, he contends that "The trial court violated LSA-R.S. 9:311 when it granted an increase in child support from the previous award."
LSA-R.S. 9:311 in pertinent part provides:
A. "An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award."
The above statute contemplates the possibility for a reduction or increase in support provided that the party seeking the reduction or increase shows a change of *569 circumstances. The "change in circumstances" which Mr. Carriere argues in the instant situation is the fact that his former wife is now employed earning a gross salary of $1,400.00 per month. Mr. Carriere further buttresses his argument by pointing to the fact that his income has reduced significantly after the May 21, 1985 judgment was signed and prior to the hearing on the rule on September 13, 1985 from which this appeal arises. Mr. Carriere contends that because there has been a "change of circumstances," the trial judge erred in rendering a judgment for child support increasing the $930.00 previously awarded for the total support of Mrs. Carriere and the two children. We agree with the above contention.
We find that there was a clear abuse of discretion when the trial court granted an increase in the support payments. As correctly stated by Mr. Carriere in his brief, "The Legislature could not possibly have intended that a party be given an increase in child support when that same party has an increase in available income to her and the husband or father who is paying child support has a substantial reduction in income at the same time." Thus, we reverse the portion of the trial court judgment reflecting the increase and deny Mrs. Carriere the increase in support.
Mr. Carriere, in his first assignment of error, also seeks to reduce the monthly support award owed by him to $755.00 per month. Mr. Carriere supports his argument for reduction by citing sub-paragraph (d) of the previously mentioned May 21, 1985 agreement.
Sub-paragraph (d) provides in pertinent part that Mr. Carriere shall pay to Mrs. Carriere the following sums of money:
"(d) During the month of June, 1985, the sum of $930.00 subject to a credit to David L. Carriere of 50% of any net earnings which Jay D. Alexander may earn during the month of June, 1985 which are in excess of $750.00; and...."
While the above provision provides a formula for reduction in the monthly support award owed by Mr. Carriere in the event Mrs. Carriere obtains a job and earns in excess of $750.00 per month, it is only applicable to the month of June. Mr. Carriere contends that the reduction should logically follow in the future months. We disagree. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La. C. C. art. 2046. We find that the words in the above provision are clear and explicit and lead to no absurd consequences, thus, we will not inquire into the parties' intent. Because there is no mention in the provision of extending the terms to future months, we conclude that the amount cannot be reduced to $755.00 under the terms of the contract. Instead, the amount shall be set for the original sum of $930.00 per month.
Mr. Carriere, in his second assignment of error, contends that "The Trial Court erred in failing to follow the express mandate of Civil Code article 146(A)(1)(c) in not providing for a reduction in support when the father has physical custody of the children for two months in the summer."
La.C.C. art. 146(A)(1)(c) in pertinent part provides as follows:
"If a parent would otherwise be unable to maintain adequate housing for the child and the other parent has sufficient resources, the court may order modified support payments for a portion of housing expenses even during a period when the child is not residing in the home of the parent receiving support ..." (emphasis ours)
Mr. Carriere contends that the trial court failed to follow the express mandate of the above article by failing to reduce support when he has custody of the children during the summer months. We do not agree with this contention. While the statute clearly contemplates modified support payments when the obligor parent has temporary custody of the children, the provision is not an express mandate, but is instead, purely discretionary. Thus, the trial judge may, at his discretion, deny or grant modification for support during the period when physical custody changes.
Mr. Carriere further contends that this court should not presume that the trial *570 court took the two months that he has physical custody of his children into consideration when determining the amount owed for support, as the trial court failed or refused to provide written reasons for judgment pursuant to a timely request. However, as will be discussed under assignment of error number four, Mr. Carriere did not request the appropriate remedy for requiring the trial judge to comply with the request for written reasons of judgment. Because the proper procedure was not utilized, we shall review this appeal on the merits as in any other case where the record contains no reasons for judgment. As such, we can only assume that the budgeted needs of the children were based on those periods while the children were actually living with Mrs. Carriere. Furthermore, we assume that the trial court, when it denied the modified support payments to Mr. Carriere for the months he has physical custody of the children, averaged the total amount required per year over a twelve month period. This does not lessen the amount actually required.
An award of child support is within the sole discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of that discretion. Guice v. Guice, 411 So.2d 663 (La.App. 4th Cir.1982). Having found no abuse of discretion, we uphold the portion of the trial court judgment which provides for support payments the entire twelve months of the year.
Mr. Carriere, in his third assignment of error contends that the "Trial court abused its discretion in its award of child support." We do not agree with this contention. As stated above, an award of child support is within the sole discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing of an abuse of that discretion. Guice, supra. Having reviewed the record, we find that the expenses listed by Mrs. Carriere were not so unreasonable so as to warrant reversal, thus, the trial judge did not abuse his discretion when he awarded the child support. As such, we uphold the portion of the trial court judgment which reflects same.
Mr. Carriere, in his fourth assignment of error, contends that the trial judge erred in refusing or failing to render written reasons pursuant to a timely request. We find no merit in this assignment. Judgment was signed and rendered in this matter on November 6, 1985, and Mr. Carriere's request for written reasons was not filed until December 16, 1985, and hence was untimely under LSA C.C.P. Article 1917. While true Mr. Carriere's request came within ten (10) days of the minute entry denying his motion for a new trial, the word "judgment" referred to in Article 1917 is a signed judgment, i.e. judgment on the merits, and not the mere denial of a motion for a new trial which need not be signed and may be rendered by means of a minute entry, as was done in this case.
Accordingly, for the foregoing reasons, the trial court judgment is reversed in part and affirmed in part.
REVERSED IN PART AND AFFIRMED IN PART.