688 So.2d 1158 (1996)
Elizabeth Normand VOORHIES, Plaintiff-Appellee,
v.
Keith VOORHIES, Defendant-Appellant.
No. 96-342.
Court of Appeal of Louisiana, Third Circuit.
October 9, 1996.
*1159 Rodney Marchive Rabalais, Marksville, for Elizabeth Normand Voorhies.
R. Greg Fowler, Alexandria, for Keith Voorhies.
Before THIBODEAUX, COOKS and AMY, JJ.
AMY, Judge.
This suit arises from a joint custody decree. The issues on appeal are whether the trial court erred in (1) increasing defendant's child support payments and (2) failing to award defendant more visitation with his minor children. For the reasons which follow, we affirm.

DISCUSSION OF THE RECORD
Elizabeth Normand Voorhies and Keith Voorhies were married on June 8, 1985. During their marriage two children were born, Matthew and Kaylee. On March 19, 1993, Elizabeth filed a petition for divorce under Article 102 of the Louisiana Civil Code. Pursuant to La.Code Civ.P. art. 3957(C), Keith waived appearance and acceptance of service. On October 8, 1993, the trial court granted a judgment of divorce, which also incorporated a consent decree establishing custody of the minor children and support payments. The consent decree provided: (1) joint custody of the minor children, Matthew and Kaylee; (2) Elizabeth as primary physical custodian; (3) Keith was to have physical custody of the children on the first and third weekends of each month, two weeks in the summer, every Father's Day, and standard pre- and post-holiday periods during Easter, Thanksgiving and Christmas; (4) Keith was to pay Elizabeth $400.00 per child in child support every month; (5) Keith was to pay all medical, dental, optical and pharmaceutical expenses incurred by the children; and (6) Keith was granted the right to claim both children on his federal and state income tax forms.
In July 1995, Keith filed a Rule to Modify Custody with a Rule to Reduce Child Support. Specifically, Keith requested that he have physical custody of the children during *1160 the days he is on-shore.[1] Furthermore, Keith requested that his child support payments be reduced based on a "change of circumstances" since the original judgment of divorce. Keith asserted that his child support payments should be reduced because (1) Elizabeth was now employed and (2) Elizabeth had remarried and her husband was employed. Keith insisted that, while his income had not changed, Elizabeth now had more income and that fact, alone, should warrant a reduction in his child support payments. In response, Elizabeth filed a Rule to Increase Child Support and Modify Custody.
On October 31, 1995, a hearing was held on the merits. On December 21, 1995, the trial court rendered judgment, increasing Keith's child support payments from $400.00 per child every month to $509.00 per child every month. Further, the trial court increased Keith's physical custody, granting him any fifth weekend of any month and an additional week of his choice during the summer months. Finally, the trial court ordered (1) Elizabeth to submit any unpaid medical bills to her insurance company, and if any unpaid medical bills remained after submission to both insurers, then responsibility for payment would be allocated 76% to Keith and 24% to Elizabeth; and (2) Keith and Elizabeth, each, have one child as a tax exemption.
Keith appeals from that judgment and asserts that the trial court erred in: (1) applying La.R.S. 9:315 to increase his child support obligation when all the factors revealed that Elizabeth's financial condition has improved and that his financial condition has remained the same[2]; and (2) failing to award a meaningful increase in his physical custody of the minor children.

LAW

CHILD SUPPORT PAYMENTS
At this point, we note that Keith and Elizabeth do not dispute the trial court's finding that a change in circumstances has occurred since the original custody decree mandating a change in child support payments. Since the time of the original decree, Elizabeth has remarried, obtained a job earning $900.00 per month, and receives a benefit in the amount of $233.00 from her present spouse's income. Additionally, Keith's salary has remained static ($3,650.00 per month); however, he no longer owes on the community debt assumed in the community property settlement.[3]
Keith urges this court to follow the decisions in Carriere v. Alexander, 504 So.2d 567 (La.App. 3 Cir.), writ denied, 508 So.2d 90 (La.1987) and Crowder v. Crowder, 595 So.2d 810 (La.App. 2 Cir.), writ denied, 598 So.2d 358 (La.1992). These cases are examples when courts have refused to grant an increase to a spouse who is in a better position now than at the time of the original decree. The facts in Carriere are distinguishable from those in the present case. In Carriere, the mother was refused an increase in child support where she had an *1161 increase in available income and the father had a substantial reduction in his income. However, in the present case, Keith has not experienced a substantial reduction in income. To the contrary, he is actually in a slightly better economic position than at the time of the original decree due to the absence of the community debt he assumed in the community settlement.
In Crowder, the mother's income had increased by approximately 44%, while the father's income had remained the same. Further, both parties had incurred substantial debt obligations. The second circuit, in reversing the trial court's judgment which increased the father's child support payments, stated:
In order to warrant modification of a child support award, the petitioning party logically must show that circumstances have substantially shifted in a positive or negative direction consistent with the adjustment sought. For example, a parent seeking an increase in payments should be required to demonstrate an improvement in the payor's financial condition, a worsening in the payee's financial condition, or greater needs by the minor. Any other approach would defy reason and produce absurd results. (citations omitted).
Crowder, 595 So.2d at 812.
Contrary to Keith's arguments, we find that Crowder is consistent with the trial court's disposition of child support payments. Elizabeth, as previously stated, filed a rule to increase Keith's child support payments. Also, as previously noted, Keith's economic condition has improved since the original custody decree since he is no longer burdened with a substantial community debt. Therefore, Elizabeth, who wanted an increase in child support payments, showed that the payor's [Keith] financial condition had improved.
We conclude that the language of the applicable statutory provisions mandates that the guidelines for determination of child support be applied in every instance where a sufficient "change in circumstances" is proven. La.R.S. 9:315.1 provides in pertinent part:
A. The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give specific oral or written reasons for the deviation, including a finding as to the amount of support that would have been required under a mechanical application of the guidelines and the particular facts and circumstances that warranted a deviation from the guidelines. The reasons shall be made a part of the record of the proceedings. (emphasis added).
Since the enactment of the guidelines, a trial court's discretion in setting the amount of child support is structured and limited. See Lanclos v. Lanclos, 614 So.2d 170 (La.App. 3 Cir.1993); Ellzey v. Ellzey, 594 So.2d 1135 (La.App. 3 Cir.1992).
In the present case, Keith presented evidence at the hearing that established a "change in circumstances" since the original joint custody decree. As previously stated, Elizabeth is now employed earning about $900.00 per month and, further, she receives a benefit of about $233.00 per month from her present husband's income. While Keith still earns about $3,650.00 per month, he is no longer burdened with a community debt that he assumed in the community property settlement. At that point, the trial court was mandated to mechanically apply La.R.S. 9:315 to calculate the new child support obligation.[4] Therefore, we conclude that the trial court did not abuse its discretion in applying the Child Support Guidelines to determine the amount of child support owed by *1162 each parent. Accordingly, we find Keith's argument to be without merit.
Additionally, regarding child support payments, Keith contends that the trial judge erred when he gave Elizabeth the right to claim one child as a tax exemption. In the original consent decree, Keith was granted the right to claim both children on his federal and state tax forms. La.R.S. 9:315.13, which provides for tax exemptions, states in part that:
A. The amounts set forth in the schedule in R.S. 9:315.14 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state income tax purposes shall be provided in Subsection B hereof.
B. The non-domiciliary party whose child support obligation equals or exceeds fifty percent of the parties' combined adjusted gross income shall be entitled to claim the federal and state tax dependency deductions every other year.
In the case sub judice, Keith's child support obligation of $1,018.00 is not 50% or more of the combined adjusted gross income of $4,783.00. Therefore, the presumption is that the domiciliary parent, Elizabeth, is entitled to claim the children on her tax forms. Instead, the trial judge allowed Keith to claim one child every year and Elizabeth the right to claim the other child every year. We conclude that there is adequate support in the record for this deviation. See Greene v. Greene, 93-789 (La.App. 3 Cir. 3/2/94); 634 So.2d 1286; Warlick v. Warlick, 27,389 (La. App. 2 Cir. 9/29/95); 661 So.2d 706. Therefore, we find Keith's argument to be without merit.
PHYSICAL CUSTODY
Keith argues that the trial court erred in awarding him only a nominal increase in the time that he spends with his children. We disagree.
La.R.S. 9:335 provides in part that:
A(2)(a) The implementation [of the joint custody decree] order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.
(b) To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.
Once joint custody is determined to be in the best interest of the child, physical custody must be allocated between the domiciliary parent and the non-domiciliary parent so that either parent is not relegated "to play the role of a mere `visitor' in [the] child's life." Bynog v. Bynog, 95-173 (La.App. 3 Cir. 7/26/95); 663 So.2d 86, 89. The trial court enjoys much discretion when establishing a schedule for physical custody of the children of a marriage where the parents have joint custody. Muller v. Muller, 94-281 (La.App. 3 Cir. 10/5/94); 643 So.2d 478.
Elizabeth testified that, at the time of trial, Matthew was six years old and that Kaylee was four years old. Elizabeth stated that she is married to Richard Nesbit and that they live in a three bedroom, two bathroom brick home in Centerpoint, Louisiana. Elizabeth further testified that she is employed as a bank teller at Cottonport Bank. She noted that Matthew is in the first grade at Lafargue Elementary and that Kaylee goes to day care while she works at the bank. She stated that, in the morning, she brings Kaylee to day care first and then drops Matthew off at school. Elizabeth noted that she lives about ¼ of a mile from Kaylee's day care and about 1 ¼ mile from Matthew's school.
Keith testified that, every month, he normally gets custody of Matthew and Kaylee on the first and third weekends. Keith testified that he lives in Pineville, Louisiana and that he rents a two bedroom house. He noted that he lives about twenty miles from Matthew's school and Kaylee's day care. Keith stated that he works for Great Western Offshore and that he works seven days on and seven days off. Keith admitted that, during the marriage and after the divorce, Elizabeth was the primary caretaker of their children. He also admitted that she primarily takes care of the children when they are sick. Keith stated that he wants to have custody of his children during the weeks that he is not working.
*1163 The trial court expressed that alternating Matthew's and Kaylee's residence on a weekly basis is "too disruptive" and not in the best interest of the children. The testimony at the hearing indicates that various alternatives were discussed and considered by the trial court. After considering the evidence, the trial court increased Keith's custody of Matthew and Kaylee to include any fifth weekend of any month and an additional week of his choice during the summer. Therefore, Keith now has custody of Matthew and Kaylee on the first, third, and fifth weekends of every month, three weeks in the summer, every Father's Day, and standard pre- and post-holiday periods during Easter, Thanksgiving, and Christmas. We cannot conclude that the amount of time granted to Keith is so nominal as to render him a "mere visitor" in the life of his children. Joint custody does not always result in the equal sharing of physical custody of the children between the parents. Doucet v. Doucet, 465 So.2d 175 (La.App. 3 Cir.1985). Accordingly, the trial court did not abuse its discretion in its physical custody award to Keith.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendant-appellant, Keith Voorhies.
AFFIRMED.
NOTES
[1] Keith is employed by Great Western Offshore and works alternating weeks off-shore in the Gulf of Mexico.
[2] We note that Keith alleges in his first assignment of error in his brief that the trial court erred in relying on an unpublished opinion in making its determination to apply La.R.S. 9:315 "when the moving party, the father of the minor children had no change in circumstances requiring an increase in his child support obligation, but nonetheless, increased the father's child support obligation substantially because the mother was now employed full-time with regular salary and was remarried to a man with a full-time job and salary, all changes of circumstance required under the statue operating in the mother's interest." However, the crux of Keith's argument is that the trial court erred in increasing his child support payments. Notwithstanding, we conclude that the trial court did not rely on an unpublished opinion in reaching its decision because the jurisprudence does support the application of the child support guidelines whenever a change in circumstances exist. See Percle v. Noll, 93-1272 (La.App. 1 Cir. 3/11/94); 634 So.2d 498; Hildebrand v. Hildebrand, 626 So.2d 578 (La.App. 3 Cir.1993); Inzinna v. Acosta, 623 So.2d 1357 (La.App. 5 Cir.1993); Dempsey v. Stevens, 611 So.2d 815 (La.App. 3 Cir.1992); Guillory v. Guillory, 602 So.2d 769 (La.App. 3 Cir.1992).
[3] Keith testified that he assumed "all" debts in the community property settlement. He opined that, in the two preceding years, he paid about $11,800.00 to cancel the debt. The record reveals that the total community debt was about $58,000.00.
[4] The trial court may, in its discretion, deviate from the Child Support Guidelines if the application would not be in the best interest of the child or inequitable to the parties. La.R.S. 9:315.1.