426 So.2d 745 (1983)
Carolyn Martin ARCENEAUX, Plaintiff-Appellee,
v.
John Wayne ARCENEAUX, Defendant-Appellant.
No. 82-505.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
*746 Perrin, Landry & deLaunay, Donald D. Landry, Lafayette, for defendant-appellant.
Darrell D. Desormeaux, Lafayette, for plaintiff-appellee.
Before STOKER, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal was brought by the husband against his wife from a judgment of alimony pendente lite and child support. We affirm.
The issues on appeal are:
(1) Did the trial court err in awarding child support at the rate of $350.00 per month; and
(2) Did the trial court err in awarding alimony pendente lite.
Of the marriage and union between John Wayne Arceneaux-appellant and Carolyn Martin Arceneaux-appellee one child was born, namely, Jamie Renee Arceneaux, who is five years of age. Mr. Arceneaux is gainfully employed by Scientific Drilling International as a directional surveyor. Five months immediately prior to the rule, he grossed $13,500.00. His W-2 for 1981 shows he grossed $36,000.00. In addition: he receives a gasoline expense; $400.00 per month car allowance; health insurance; participates in the profit sharing program of ESOP, and receives a 15% commission on job tickets that he writes. He has a guaranteed base pay of $1,650.00 per month.
Carolyn Arceneaux is gainfully employed by 4-M Pipe Testers as a bookkeeper. She is paid $300.00 every other week. In addition she receives a Christmas bonus depending on how the corporation is doing, the largest amount she ever received being $2,500.00; and, a dividend in the sum of $1,000.00.
She has separate properties consisting of: a 1/4 interest in a partnership; a savings account of $3,000.00; a certificate of deposit of $11,000.00; and, 25% of outstanding stock in 4-M Pipe Testers.
Both stipulated: that Carolyn Arceneaux would have custody of the minor child subject to visitation privileges in favor of John Arceneaux; that the injunction would remain in effect, and, that the marital residence would be the family home of Carolyn Arceneaux and the minor child.
At the conclusion of the hearing, the trial court fixed child support at the rate of $350.00 per month and alimony pendente lite at the rate of $150.00 per month.

CHILD SUPPORT
The parents of Jamie Arceneaux maintained their child with the necessities of life and comfortableness. It is well established that children of separated or divorced parents are entitled to be maintained in the same manner prior to the separation or divorce. Ducote v. Ducote, 339 So.2d 835 (La.1976); Chaffee v. Chaffee, 398 So.2d 1169 (La.App. 2nd Cir.1981); Goux v. Goux, 408 So.2d 30 (La.App. 3rd Cir.1981). Her father, John Arceneaux, is a success with his employer, earning a handsome income with generous fringe benefits. He apparently holds himself to a high standard which he rightfully owes to his child.
Her mother likewise contributes substantially to the child support. The monthly budget for the child totals $518.00. The mother contributes in excess of $200.00 per month, plus the day-to-day care of the child. As pointed out in Chaffee, supra, the amount of child support will not necessarily be apportioned evenly between the parents where one has custody:
"A portion of the custodial parent's obligation of support will be fulfilled by the day-to-day care and maintenance which he or she gives to the child. This day-to-day care would include washing clothes, preparing meals, providing transportation, and maintaining the home environment. See Cowen v. Cowen, 375 So.2d 118 (La.App. 3d Cir.1979). For this reason, it is not appropriate to calculate the entire amount needed for support of *747 the child and divide it evenly between the two parents."
The obligations of parents to their child or children is a moral obligation as well as one required by law.
LSA-C.C. Art. 227 Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.
The trial court is vested with wide discretion in determining the amount of child support to be contributed by each parent. Ducote, supra; Silas v. Silas; 399 So.2d 779 (La.App. 3rd Cir.1981) writ denied, 404 So.2d 278 (La.1981); Ducree v. Thomas, 415 So.2d 1009 (La.App. 4th Cir. 1982). Such a determination will not be disturbed absent a showing the trial judge abused that discretion. We conclude that the record supports the trial court's award of child support.

ALIMONY PENDENTE LITE
During the period of separation, the parties are still husband and wife. It is the divorce which dissolves the bonds of matrimony, rendering each a "single person". Alimony pendente lite is a duty of support one spouse owes the other stemming from the contract of marriage. LSA-C.C. Art. 148 sets forth the requirements in an award of alimony pendente lite:
LSA-C.C. Art. 148. If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.
See also Ward v. Ward, 339 So.2d 839 (La. 1976); Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2d Cir.1980); Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982).
The spouse is entitled to be maintained in the manner accustomed during marriage if the other spouse has the means. Ward, supra; Harrington, supra. If the spouse does not have sufficient income for his or her maintenance, the means of the spouse do not preclude the award of alimony pendente lite. Thomas v. Thomas, 281 So.2d 471 (La.App. 4th Cir.1973); Hargrove v. Hargrove, 272 So.2d 394 (La.App. 2nd Cir.1973); Arrendell, supra; Wilhite v. Wilhite, 408 So.2d 973 (La.App. 2nd Cir.1982) writ denied, 412 So.2d 100 (La.1982).
Carolyn Arceneaux's major assets in her separate property are the partnership interest and stock in 4-M Pipe Testers. Almost all of the money from these assets are used to retire the debts and pay taxes for these investments. It will be two or more years before she will derive the full income from these investments. She is not required to deplete her capital before she is entitled to alimony pendente lite.
The trial court is vested with much discretion in fixing alimony pendente lite. The determination granting alimony pendente lite will not be disturbed unless there is a clear abuse of this discretion. Vestal v. Vestal, 216 So.2d 386 (La.App. 3rd Cir. 1968); Lewis v. Lewis, 329 So.2d 778 (La. App. 2nd Cir.1976); Cortinez v. Cortinez, 414 So.2d 830 (La.App. 4th Cir.1982). We find the record supports the trial court's decision granting alimony pendente lite.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.