446 So.2d 951 (1984)
Pamela Burnett CHAUDOIR, Plaintiff-Appellee,
v.
Robert Wayne CHAUDOIR, Defendant-Appellant.
No. 83-520.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*952 Richard Chaudoir, Alexandria, Robert C. Lowther, Jr., Many, for defendant-appellant.
Don M. Burkett, Many, for plaintiff-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
FORET, Judge.
This appeal was brought by the husband, Robert Wayne Chaudoir, against his wife, Pamela Burnett Chaudoir, from a judgment *953 which awarded custody of the two children of their marriage to Pamela and ordered Robert to pay child support. At issue on appeal is whether the court abused its discretion in awarding child support to Pamela, and in refusing to award alimony pendente lite to Robert.
On January 26, 1983, Pamela filed suit for separation from bed and board based on, among other things, her husband's habitual intemperance. Her petition included a rule for custody of the children of the marriage, child support, and alimony pendente lite. Robert also filed a rule for alimony pendente lite and the two matters were heard at the same time. After the hearing, the trial court awarded custody of the children to Pamela and ordered Robert to pay child support in the amount of $300 per month ($150 per child). The court denied both parties' requests for alimony pendente lite.
Robert Wayne Chaudoir and Pamela Burnett Chaudoir were married in Hemphill, Texas, in May of 1977. There were two children born of their marriage, ages 4 and 5 at the time of the hearing. The couple began having marriage difficulties and, on or about January 14, 1983, they separated. Following the separation, Pamela obtained employment at a sawmill, where she earns $5.87 per hour, working a maximum of forty hours each week. Her net income for a two-week pay period consisting of eighty hours of time worked is $383.70. Robert had been employed as a supervisor making approximately $18,000 a year, but one week before the hearing, he was dismissed and was unemployed at the time of the hearing. In the short period between his dismissal and the hearing (one week), Robert tried unsuccessfully to obtain employment. Both Robert and Pamela testified that Robert had a "drinking problem", and Robert attributed his dismissal, at least in part, to this problem. It was the trial court's determination, however, that the evidence was insufficient to establish that Robert was an alcoholic or that he was disabled. In the trial court's determination, Robert was capable of working and would be able to find employment in the immediate future.

CHILD SUPPORT
The trial court is vested with considerable discretion in fixing the amount of child support, and its judgment in this matter will not be disturbed absent an abuse of discretion. Ducote v. Ducote, 339 So.2d 835 (La.1976); Bertrand v. Bertrand, 401 So.2d 552 (La.App. 3 Cir.1981); Arceneaux v. Arceneaux, 426 So.2d 745 (La.App. 3 Cir.1983); Johnson v. Johnson, 432 So.2d 1140 (La.App. 3 Cir.1983).
Fathers and mothers have a mutual obligation to provide for the support, maintenance, and education of their children. LSA-C.C. Article 227. Pamela contributes substantially toward the support, maintenance, and education of her children, both by contributing a large portion of her salary to their support and by providing them with day-to-day care. See Ducote v. Ducote, supra. That Robert was unemployed at the time of the hearing does not relieve him of his obligation to support and maintain his children. He will only be excused from this obligation if it appears that he was not only unemployed, but unemployable. Sykes v. Sykes, 308 So.2d 816 (La.App. 4 Cir.1975). The trial court specifically determined that Robert was employable. Given the short period of his unemployment, this determination of the court was reasonable. The evidence demonstrated that Robert had a respectable earning capacity and the court's award of $300 in child support to Pamela was not, under the circumstances, an abuse of discretion.

ALIMONY PENDENTE LITE
Alimony pendente lite is a duty of support one spouse owes to the other. LSA-C.C. Art. 148 sets forth the requirements for an award of alimony pendente lite. In 1979, Article 148 was amended to make it sex neutral. Prior to this amendment, jurisprudence indicated that the trial court should not take into account the earning capacity of the wife in determining her right to alimony pendente lite. Bilello v. *954 Bilello, 121 So.2d 728 (La.1960); Best v. Best, 337 So.2d 672 (La.App. 3 Cir.1976); St. Julien v. LeBlanc, 146 So.2d 296 (La. App. 3 Cir.1962). Since the amendment, this appears no longer to be the case. As the First Circuit has pointed out in Whipple v. Whipple, 424 So.2d 263 (La.App. 1 Cir.1982), writ denied, 426 So.2d 179 (La. 1983), besides making Article 148 sex neutral, the 1979 amendment changed the wording of the article from "the judge shall" award alimony to "the judge may" award alimony. This change made the awarding of alimony pendente lite discretionary with the court. The trial court is no longer required to award alimony if other factors are present such as the claimant spouse's capacity to work. LeBlanc v. LeBlanc, 405 So.2d 1187 (La.App. 1 Cir. 1981) and Whipple v. Whipple, supra. The trial court found that Robert was capable of working and should be able to find employment. The fact that he has been unsuccessful in finding employment is not highly significant given the short period of time (one week) during which he had searched. The trial court's conclusion that Robert should be able to find employment was not unreasonable under the circumstances.
Alimony pendente lite is designed to preserve the status quo insofar as maintenance and support are concerned. Lamb v. Lamb, 427 So.2d 899 (La.App. 3 Cir.1983) and Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2 Cir.1980). Since the evidence indicates that Robert, and not his wife, was the principal wage earner during the marriage, the awarding of alimony pendente lite to Robert would not preserve the status quo. Rather, it would add to the changes that already have occurred in the maintenance and support arrangement that existed before the couple's separation. Since her separation from her husband, Pamela has had to begin working in a sawmill to support her children and herself. If she were forced to pay alimony to Robert, the status quo would be further upset. She would, in effect, become the wage earner for the family, supporting herself, her children, and her husband. Such a result would be contrary to Article 148's purpose of preserving the status quo with respect to maintenance and support during the pendency of a suit for separation or divorce.
The trial court is vested with great discretion in determining the amount of alimony pendente lite, and its judgment in this matter will not be disturbed unless there is an abuse of discretion. Arceneaux v. Arceneaux, supra; Cortinez v. Cortinez, 414 So.2d 830 (La.App. 4 Cir.1982); Whipple v. Whipple, supra. We find no abuse of discretion in the court's denial of Robert's request for alimony pendente lite.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against appellant, Robert Wayne Chaudoir.
AFFIRMED.