FORET, Judge.
This is an appeal from a judgment awarding defendant, Dolores Ann Vincent, alimony pendente lite. Plaintiff, James E. Hernandez, filed suit for legal separation. Defendant answered plaintiffs suit and reconvened, asking that the court grant her a legal separation and alimony pendente lite. Following a hearing on defendant’s rule for alimony, the court awarded defendant alimony pendente lite in the amount of $400 per month.
Plaintiff has appealed this award and raised several issues:
(1) Whether the trial court erred in refusing to allow plaintiff to testify regarding the circumstances surrounding his post-separation expenses;
(2) Whether the trial court erred when it considered the expenses claimed by defendant since these expenses were speculative.
(3) Whether the trial court erred in failing to consider as income $43,800 which defendant invested in her business after the suit for separation was filed.
FACTS
The defendant, Dolores Ann Vincent, owns a gift shop which she purchased a short time before her husband filed suit for separation. Defendant testified that since she bought the store, she invested $43,800 in it. $20,000 of this sum came from a loan from her mother, and the rest from the liquidation of some of her assets. Since she purchased it, the business has been operating at a loss, and she has not been able to draw a salary or derive any other income from the business. Defendant testified that she entered into the venture not knowing that the plaintiff would file for a separation, and with the expectation that it would not produce a net profit for five years. Defendant’s only income is $269, which she receives monthly as interest on a municipal bond. Defendant claims that her monthly expenses are $2,430.
The defendant’s husband, plaintiff in this suit, is handicapped by polio, legal blindness, and other health problems which severely limit his mobility. Nevertheless, he earns some $280 per month teaching music to pupils in his home. In addition, he receives approximately $1200 per month in unearned income: rent, oil royalties, and dividends from stocks and bonds. He owns a home on which he owes no money. This home is located on a 16.7-acre tract along with another house which he owns and rents. Plaintiff also owns a 2.5-acre tract which is for sale at a price of $336,000. His bank account contains approximately $9,000, and he owns a car on which he owes no money. Because of his handicap, plaintiff does require assistance in caring for his home and will incur expenses toward that end.
PLAINTIFF’S
POST-SEPARATION EXPENSES
Plaintiff contends that the court erred when it prevented him from testifying about his post-separation expenses. In fact, the court permitted plaintiff to testify *63 fully as to the amount of such expenses. The court only prevented plaintiff from testifying concerning the details of how these expenses were incurred since this apparently would involve the issue of marital fault. The court acted properly in this regard.
DEFENDANT’S EXPENSES
In his brief, plaintiff argues that the court should not have considered the expenses claimed by defendant because they were speculative. Plaintiff correctly points out that defendant was not, at the time of the hearing, incurring some of the expenses which she listed on her affidavit. At the time of the hearing, defendant was living with her mother and was not paying rent for an apartment or utilities although she listed these as items on her affidavit of income and expenses. Defendant did, however, testify that she planned to move into an apartment as soon as she had sufficient funds. Based on this, the trial judge could have found that the expenses were not so speculative as to warrant their exclusion from consideration.
More importantly, however, even if the somewhat speculative expenses of defendant were excluded from consideration, the other non-speculative expenses would easily add up to more than $679, which is the monthly income of defendant when the $400 in alimony is added to her monthly income of $279. For example, a list of defendant’s non-speculative expenses would include:
clothing. $ 100.00
transportation. 200.00
personal & grooming necessities. 20.00
mortgage on store. 560.00
counseling. 340.00
car insurance. 50.00
Total. $1,150.00
A spouse seeking alimony pendente lite is entitled to be maintained in the same manner that he or she was accústomed to during the marriage. Arceneaux v. Arceneaux, 426 So.2d 745 (La.App. 3 Cir.1983). Of course, if the husband’s means are not sufficient to provide the sum necessary for that purpose, the amount of alimony pen-dente lite must be fixed at a sum which will be just and fair to the parties. Frederick v. Frederick, 379 So.2d 808 (La.App. 4 Cir. 1980); Shepard v. Shepard, 334 So.2d 745 (La.App. 3 Cir.1976). We think the court adhered to this standard in fixing alimony pendente lite at $400 per month.
DEFENDANT’S INCOME
The last contention of plaintiff that we must consider concerns money which defendant invested in her business after plaintiff filed suit for separation. Plaintiff claims that this money was income. This money consisted of: $15,000 withdrawn from a Merrill-Lynch account; $6,100 from a water revenue bond; $2,700 withdrawn from a savings account and a money market account; and $20,000 borrowed from her mother. The trial court correctly concluded that these sums did not represent income to defendant. The loan from her mother was not income. All of the other sums involved were capital or proceeds from the liquidation of assets. They were not income. A spouse who seeks alimony pendente lite is entitled to it if he does not have sufficient income for his maintenance. LSA-C.C. Art. 146. A spouse is not required to deplete his assets or capital in order to be entitled to alimony pendente lite. McMath v. Masters, 198 So.2d 734 (La.App. 3 Cir.1967).
On the other hand, a court should consider not only the income of the spouse called upon to pay alimony, but his means, which include not only income but assets. Lynch v. Lynch, 422 So.2d 703 (La.App. 3 Cir.1982). The testimony of plaintiff indicated that his monthly income was approximately $1,830. He also testified that he owes no money on his home and that he owns another house which is located, along with his own home, on a 16.7-acre tract. Plaintiff also owns a 2V2-acre tract which is for sale at a price of $336,000. Plaintiff’s car is paid for and he has approximately $9,000 in a savings account.
*64 The trial court is vested with much discretion in fixing alimony pendente lite, and its determination in this regard will not be disturbed absent a clear abuse of that discretion. Arceneaux v. Arceneaux, supra. Given the meager income of defendant and the substantial means of plaintiff, the trial court did not abuse its discretion in fixing the award.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are assessed against appellant, James E. Hernandez.
AFFIRMED.