514 So.2d 528 (1987)
Dorothy Dees MOUTON, Plaintiff-Appellee,
v.
Francis C. MOUTON, Jr., Defendant-Appellant.
No. 86-811.
Court of Appeal of Louisiana, Third Circuit.
September 16, 1987.
*529 Stewart Thomas, Jennings, for plaintiff-appellee.
Wendell Miller, Jennings, for defendant-appellant.
Before STOKER, DOUCET and KNOLL, JJ.
KNOLL, Judge.
Francis C. Mouton, Jr. appeals the judgment of the trial court awarding his wife, Dorothy Dees Mouton, alimony pendente lite of $500 a month retroactive to the date of judicial demand. Mr. Mouton contends that the trial court abused its discretion in: 1) finding that Mrs. Mouton proved her need for alimony pendente lite and that her *530 husband had the means to support the award; 2) failing to consider Mrs. Mouton's capacity to work; 3) failing to consider her separate assets and income; and 4) making the award retroactive to the date of judicial demand. We affirm.
Mr. Mouton contends that Mrs. Mouton failed to prove her need for alimony pendente lite and his means to provide such an award.
The Moutons were married on July 21, 1948, and continuously lived together until their physical separation in July 1985.
Mr. Mouton is a self-employed businessman who operates two businesses, Mouton Auto Sales and Mouton Mobile Home Movers. During their 37 years of marriage Mrs. Mouton worked outside the home in only two limited instances: once when she worked a week for the City of Jennings inventorying the city library, and in 1976 when she operated a second-hand shop one day a week from her home.
The purpose of alimony pendente lite is to temporarily provide for the spouse who does not have sufficient income for his or her maintenance and to preserve the status quo insofar as maintenance and support are concerned. LSA-C.C. Art. 148; Arrendell v. Arrendell, 390 So.2d 927 (La. App. 2nd Cir.1980). The spouse who claims entitlement to alimony pendente lite bears the burden of proving entitlement under C.C. Art. 148, and must establish the insufficiency of his or her income in proportion to the other's means. Terjersen v. Terjersen, 420 So.2d 704 (La.App. 4th Cir.1982). In determining alimony pendente lite the trial judge is vested with wide discretion and only manifest abuse of this discretion will move this court to disturb an award of the trial court. Lamb v. Lamb, 427 So.2d 899 (La.App. 3rd Cir.1983).
Mr. Mouton contends in addressing Mrs. Mouton's needs the trial court failed to consider her separate property which consisted of a home and approximately $30,000 cash. A spouse is entitled to alimony if the claimant spouse does not have sufficient income for his or her maintenance. Arceneaux v. Arceneaux, 426 So.2d 745 (La.App. 3rd Cir.1983). A spouse is not required to deplete his assets or capital to be entitled to alimony pendente lite. Hernandez v. Vincent, 463 So.2d 61 (La.App. 3rd Cir.1985). Mrs. Mouton's sole income at the time of trial consisted of $167 per month in interest earned on her savings, and it was uncontroverted that her monthly expenses just for food, utilities and a personal loan were $567. Under these circumstances we find no error in the trial court's conclusions regarding Mrs. Mouton's income and her need for alimony.
Mr. Mouton next argues that the trial judge should have considered Mrs. Mouton's capacity to work. It is only after all factors relevant to a discretionary award of alimony pendente lite are considered, including the earning capacity of the claimant spouse, that alimony pendente lite may be granted. Whipple v. Whipple, 424 So.2d 263 (La.App. 1st Cir.1982), writ denied, 426 So.2d 179 (La.1983). The trial court in the present case noted Mrs. Mouton's limited employment outside the home during her 37 years of marriage. Recognizing that the purpose of alimony pendente lite is to maintain the status quo, we cannot say the trial court abused its discretion in de-emphasizing Mrs. Mouton's capacity to work.
Mr. Mouton contends that Mrs. Mouton failed to prove he had the means to pay her alimony pendente lite. We disagree. He argues that his only income is $400 per month and his 87 year old mother has to supplement his income so that his living expenses can be paid. The determination of means with which one spouse is to satisfy the alimony obligation toward the claimant spouse is not based solely on income but also on any resource from which the wants of life may be supplied, and the entire financial condition of the spouse owing such obligation must be examined. Whatley v. Whatley, 430 So.2d 129 (La.App. 2nd Cir.1983). Mr. Mouton did not keep business records; he testified that he operated out of his billfold and a safety deposit box, and during the past years he did not file any income tax returns. Mr. Mouton stated that during his marriage he gave Mrs. Mouton $400-$500 per month to pay bills, and that recently he loaned a friend approximately $5000 cash. *531 Clearly, the record supports that the trial court did not abuse its discretion in determining that Mr. Mouton had the ability to pay alimony of $500 per month.
Mr. Mouton further argues that the trial court abused its discretion in making the alimony award retroactive to the date of judicial demand. A trial court has broad discretion in fixing the commencement date for alimony payments. Wilhite v. Wilhite, 408 So.2d 973 (La.App. 2nd Cir.1982), writ denied, 412 So.2d 100 (La. 1982). In the face of compelling reasons the trial court may elect to commence alimony pendente lite from the date of judicial demand. Cumpton v. Cumpton, 283 So.2d 846 (La. App. 2nd Cir.1973). In the present case the trial court's alimony award of May 22, 1986, was made retroactive to August 5, 1985, a period of nine months. The only argument Mr. Mouton makes in this regard is that the retroactivity of the alimony award rewards Mrs. Mouton for not seeking employment after her physical separation. For reasons assigned heretofore we find no merit to this contention. The trial court simply maintained the status quo until the parties' divorce on August 19, 1986, and its treatment of this issue does not constitute an abuse of discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Francis C. Mouton, Jr.
AFFIRMED.