528 So.2d 1055 (1988)
Lawrence H. SMITH, Sr.
v.
Joyce A. SMITH.
No. 88-CA-106.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1988.
Steven F. Griffith, Sr., Destrehan, for plaintiff-appellant.
Before CHEHARDY, C.J., and GAUDIN and GRISBAUM, JJ.
CHEHARDY, Chief Judge.
Plaintiff, Lawrence H. Smith, Sr., sued his wife, Joyce A. Smith, for a separation from bed and board on grounds of cruel treatment. Defendant reconvened for a judgment of separation from bed and board based on several grounds, including the habitual intemperance of the plaintiff. *1056 From a judgment in favor of the defendant, finding plaintiff at fault on the ground of habitual intemperance and granting her a judgment of separation, plaintiff appeals. On appeal, he alleges the trial court erred in finding him at fault and in finding his wife free from fault.
The parties were married on July 25, 1986, after a brief courtship which began July 3, 1986. They physically separated on March 18, 1987. On March 20, 1987, Mr. Smith filed a petition for separation alleging cruel treatment on behalf of his wife. Mrs. Smith filed a reconventional demand on April 10, 1987 alleging cruel treatment on behalf of her husband. She alleged several circumstances in support of this contention, including habitual intemperance.
In granting judgment in favor of Mrs. Smith, the trial judge stated that Mr. Smith's drinking was the major contributing factor in the failure of this marriage. He felt Mr. Smith's drinking prevented resolution of the other difficulties experienced by the couple. The trial judge did not, however, view the other difficulties as sufficient grounds for separation.
The evidence introduced by the wife to prove her allegation of intemperance consisted of the testimony of herself, her children, Shane and Kimberly Bell, and her brother-in-law, Russell Hendrick.
Mrs. Smith testified that Mr. Smith did not drink alcoholic beverages during their courtship and that he began drinking after the honeymoon. She testified he drank 16-ounce beers five evenings a week. His alcohol consumption caused him to become paranoid and violent. Allegedly, he threatened to have Mrs. Smith killed by putting a contract out on her life. On March 19, 1986, he allegedly placed a gun to her head and threatened to kill her if she did not leave his house. At that time, Mrs. Smith contends, she left their domicile involuntarily.
Mrs. Smith's son, Shane Bell, testified he began residing with his mother and step-father shortly after their marriage and remained there throughout their marriage. He testified he observed his step-father drinking six or seven 16-ounce beers nearly every night. He noted Mr. Smith underwent a personality change when drinking which caused him to fight with those around him. He testified Mr. Smith threatened, on one occasion while drunk, to have his mother killed.
Kimberly Bell, Mrs. Smith's daughter, testified that she visited her mother and step-father three to four times a week. On most of these occasions, Mr. Smith was intoxicated. After drinking, he appeared to have "a split personality." She heard him threaten her mother's life and that of his prior wife.
Russell Hendrick testified that in addition to being Mrs. Smith's brother-in-law, he is a friend of Mr. Smith's. He testified Mr. Smith drinks heavily at times. He has seen Mr. Smith intoxicated once and has had several telephone conversations with him while he was drunk. He confirmed prior testimony that Mr. Smith's personality changes for the worse when he is intoxicated.
Mr. Smith supported his allegation of cruel treatment with his testimony and that of his children and a business associate.
Mr. Smith testified Mrs. Smith suggested the divorce and left their matrimonial domicile freely. He alleged Mrs. Smith constantly badgered him about seeing his former girl friend and showing an interest in other women. Mr. Smith testified that two weeks after the marriage began he had Mrs. Smith served with eviction papers to have her evicted from their residence because she wanted money all of the time. He alleges she stated in the presence of his children "give me fifteen hundred dollars and I'll get out of your life." Further, he contends they fought about her son from a previous marriage. He testified that she has a bad temper and likes to break things. He also described an incident when Mrs. Smith allegedly attempted to kick him in the groin.
Mr. Smith denies ever being diagnosed as an alcoholic. He admits that he does drink 16-ounce beers and has "a tendency to drink beers in the afternoon." His testimony *1057 as to how many beers he drinks each night is unclear, except that he does deny drinking 2 six-packs a night. He denies ever threatening his wife's life or brandishing a weapon in a threatening manner toward his wife.
Clara Smith, Lawrence Smith's daughter, testified Mrs. Smith attempted to kick Mr. Smith in the groin because he had poured a beer on her head. She testified Mr. Smith drank in the past, but did not drink when he first married his present wife. Both she and her sister, Barbara Smith Marsh, testified that plaintiff's personality changes when he drinks.
Peter Schmidt, a business associate of Mr. Smith's, testified that he has known Mr. Smith for approximately four and one-half years. He has spoken to Mr. Smith on the telephone while Mr. Smith was drunk. He testified Mr. Smith has told him that he has a drinking problem.
It is well settled that a party seeking a separation bears the burden of proving by a preponderance of the evidence the facts to support his demand. Blanchard v. Blanchard, 490 So.2d 361 (La.App. 1 Cir. 1986); Edelen v. Edelen, 457 So.2d 171 (La.App. 2 Cir.1984).
Habitual intemperance is defined as "that degree of intemperance from the use of intoxicating liquor which disqualifies the person a great portion of the time from properly attending to business, or which would reasonably inflict a course of great mental anguish upon an innocent party. Habitual or excessive use of liquor." Black's Law Dictionary 727 (Rev. 5th ed. 1979).
The jurisprudence in this area reflects that it is not the quantity of alcohol, but the extent and habitualness of intoxication which makes living together insupportable and constitutes habitual intemperance under LSA-C.C. art. 138. Blanchard v. Blanchard, supra; Rittiner v. Sinclair, 374 So.2d 680 (La.App. 4 Cir.1979).
The record, taken as a whole, clearly establishes that Mr. Smith frequently drank beer and became drunk. We, therefore, find that Mrs. Smith has met her burden of proving by a preponderance of the evidence plaintiff's frequent or habitual drunkenness and find no error on behalf of the trial court.
The evidence presented also indicates a pattern of mutual incompatibility and bickering. Such, however, is not sufficient to constitute cruel treatment to support separation. Sanchez v. Sanchez, 490 So.2d 434 (La.App. 5 Cir.1986); Langton v. Langton, 442 So.2d 1308 (La.App. 3 Cir. 1983); Loyd v. Loyd, 336 So.2d 912 (La. App. 2 Cir.1976). The trial judge found that Mrs. Smith is free of fault. We find no manifest error with this conclusion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant.
AFFIRMED.