DOMENGEAUX, Judge.
In this suit for separation, defendant, Christie Lynn Hardee, appeals the trial court’s denial of her claim for alimony pen-dente lite. Plaintiff, Steven Lloyd Hardee, answered the appeal, seeking reversal of that part of the trial court judgment casting him with costs, and also seeking damages for frivolous appeal.
FACTS
After their marriage on September 2, 1987, in Hemphill, Texas, Steven and Christie Hardee established their matrimonial domicile in Marthaville, Louisiana. Shortly thereafter, on September 22, 1987, Steven commenced active duty in the United States Air Force, being stationed first in San Antonio, Texas and later in Denver, Colorado. Except for a few weeks around Christmas of 1987, the parties were physically separated throughout most of their brief marriage. No children were born of the marriage, although Christie has a minor daughter by a previous marriage.
On March 7, 1988, Steven filed this suit for separation, alleging cruel treatment and abandonment on the part of Christie. Filing in forma pauperis, Christie reconvened, alleging the above grounds of fault against Steven and seeking $300.00 per month in alimony pendente lite.
After trial on the merits, the trial judge awarded Steven a separation, finding Christie to be at fault in the breakup of the marriage. He rejected Christie’s demands, including her claim for alimony pendente lite. Christie has not appealed that part of the trial judge’s ruling finding her at fault.
ALIMONY PENDENTE LITE
Alimony pendente lite arises from the obligation of one spouse to support the other during the marriage, as set out in Louisiana Civil Code articles 119 and 120. Cassidy v. Cassidy, 477 So.2d 84 (La.1985). Fault is not a bar to alimony pendente lite. Bloodworth v. Bloodworth, 306 So.2d 812 (La.App. 3rd Cir.1975); Mason v. Mason, 451 So.2d 1257 (La.App. 4th Cir.1984).
Under Louisiana Civil Code article 148, the trial judge has the discretion to award alimony pendente lite where the claimant spouse “has not a sufficient income for maintenance pending suit for separation or divorce.” Such an award is to be “proportionate to the needs of the claimant spouse and the means of the other spouse.”
In denying Christie's claim for alimony pendente lite, the trial judge found her to be capable of earning a living. While we do not disturb this finding of fact, we, nonetheless, find the trial judge abused his great discretion in failing to award defendant alimony pendente lite.
The Circuits are currently divided over whether a claimant spouse’s earning capacity is relevant to an award for alimony pendente lite. The Second Circuit contin *848 ues to hold that earning capacity is not a factor in evaluating a spouse’s claim for alimony pendente lite. Braswell v. Braswell, 494 So.2d 1333 (La.App. 2nd Cir.1986), following Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2nd Cir.1980).
In this Circuit, evidence of a claimant spouse's earning capacity is a proper consideration in determining whether an award for alimony pendente lite is justified. Morris v. Morris, 413 So.2d 285 (La.App. 3rd Cir.1982). However, earning capacity is not the only factor to be considered in making an award under article 148. This Circuit also recognizes that the purpose of alimony pendente lite is to preserve the status quo insofar as maintenance and support are concerned. Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3rd Cir.1984); Mouton v. Mouton, 514 So.2d 528 (La.App. 2nd Cir.1987). It is only after all factors relevant to a discretionary award of alimony pendente lite are considered, including the earning capacity of the claimant spouse, that alimony pendente lite may be granted. Mouton v. Mouton, supra, at 530, citing Whipple v. Whipple, 424 So.2d 263 (La.App. 1st Cir.1982), writ denied, 426 So.2d 179 (La.1983). As recognized by the Fourth Circuit, a claimant’s earnings and/or capacity to earn still may not be “sufficient income for maintenance.” Gravois v. Gravois, 495 So.2d 315 (La.App. 4th Cir.1986).
At the time of the hearing Christie Har-dee was unemployed. Before this suit was filed, Christie worked at a construction company for approximately three weeks, earning $4.00 per hour. Although the trial judge found she voluntarily left this job, there was some testimony indicating she had been fired. Earlier in the marriage Christie had worked for a few months at a. local flower shop. Throughout this marriage, Steven Hardee forwarded approximately $800.00 per month to his wife for her support and related expenses.
Christie submitted an affidavit showing her personal expenses to be approximately $870.00 per month. These expenses appear reasonable, and they were not seriously questioned by Steven Hardee. Additionally, Christie has custody of a minor daughter from a previous marriage. Although Steven is not required to support this child, the custodial care she requires is relevant to Christie’s employment considerations. Whipple v. Whipple, supra, at 267.
Steven testified that his income at the time of trial was approximately $1,100.00 per month. Because he lives on a military base, he has no expenses for room and board, and he receives an additional sum as an allowance for uniforms. He further testified that he is capable of paying $300.00 a month in alimony pendente lite.
Given Steven’s continued support throughout the marriage, his minimal living expenses, and Christie’s sporadic employment history, we find an award of alimony pendente lite is appropriate if the status quo relative to maintenance and support is to be maintained. The amount requested, $300.00 per month, is reasonable, considering Christie’s needs and Steven’s means. Accordingly, we find the defendant, Christie Lynn Hardee, is entitled to alimony pendente lite in the amount of $300.00 per month, commencing from judicial demand and continuing until a definitive judgment of divorce is entered. Cassidy v. Cassidy, supra.
COSTS AND DAMGES FOR FRIVOLOUS APPEAL
The trial judge cast Steven liable for all costs of trial, no doubt in recognition of Christie’s pauper status. Because Steven will prevail on the separation issue, however, we find it more equitable to hold both parties liable for the costs incurred at trial. A party filing suit in forma pauperis may ultimately be cast with costs. None of the Above v. Hardy, 377 So.2d 385 (La.App. 1st Cir.1979).
Steven’s claim for damages for frivolous appeal is, of course, denied.
DECREE
For the above and foregoing reasons, that part of the trial court judgment denying the defendant, Christie Lynn Hardee, alimony pendente lite is reversed. Plaintiff, Steven Lloyd Hardee, is hereby Or *849 dered to pay defendant $300.00 per month in alimony pendente lite from date of judicial demand, with legal interest thereon until paid, through the entry óf a definitive judgment of divorce. That part of the trial court judgment casting Steven Lloyd Har-dee with all trial court costs is amended to assess one-half of those costs against defendant, Christie Lynn Hardee.
All costs of this appeal are to be assessed against plaintiff Steven Lloyd Har-dee.
REVERSED IN PART, AMENDED IN PART, AND RENDERED.