STOKER, Judge.
ISSUE
This is an appeal by the appellant-wife from a judgment of the trial court finding that fault of both parties contributed to the break up of the marriage between the parties, and finding that the appellant-wife is not entitled to an award of alimony penden-te lite. The appellee-husband answered the appeal alleging that appellant should be cast in damages for frivolous appeal.
FACTS
The parties were married on April 27, 1946 and separated on September 5, 1986, after 40 years of marriage. The record reflects that Mr. Wester left the matrimonial home on September 5, 1986 to visit his daughter’s home to conduct some minor repairs. He alleges that he later discovered his wife in front of his daughter’s home in the family car following him and “spying” on him. Mrs. Wester denied that she was spying on her husband, stating that she came by her daughter’s home at Mr. Wester’s request to make sure he had a ride home in the event his car did not start. In any event, Mr. Wester returned to the home, packed his clothes, left and never returned. He refused to explain his act of abandonment to his wife, other than to say he could not stand “it” any longer, could not stand “her” and her “attitude” any longer, and then left the matrimonial home.
Mrs. Wester filed a petition for separation grounded on mental cruelty of such a nature as to render living together insupportable. Mrs. Wester requested alimony and alimony pendente lite in her petition. Mr. Wester answered the petition and assumed the position of plaintiff-in-reconvention seeking a divorce based on the couple having lived separate and apart for a period exceeding one year. Petitioner-in-recon-vention further alleged that the cause of the physical separation of the parties was the mental cruelty of Mrs. Wester toward Mr. Wester or, in the alternative, the cause was the mutual fault of both parties.
The trial judge gave judgment in favor of the husband and granted him a divorce based on the couple having lived separate and apart for a period exceeding one year. In further provisions in the judgment the trial court (1) made a finding that “neither party is without fault which contributed to •the break up of this marriage” and (2) and denied a retroactive award of alimony pen-dente lite to Mrs. Wester because he found that during the pendency of the proceedings she had a net monthly income of $752.57. The trial judge further noted that in addition to her income she had had exclusive use of the family home and the exclusive use of the family automobile. On this basis the trial judge concluded that “the benefits available to her equaled or exceeded that of Mr. Wester.”
The trial judge gave no reasons for finding Mrs. Wester at fault and gave very little as to his reasons for denying her alimony pendente lite. He simply announced his conclusions orally from the bench at the end of the trial. We append as Appendix I a copy of the transcript setting forth the trial judge’s comments.
ASSIGNMENTS OF ERROR
Mrs. Wester has appealed contending (1) that Mr. Wester did not carry his burden of proof of her fault, and (2) that she is entitled to a retroactive award of alimony pen-dente lite. Mr. Wester did not appeal the finding of fault by the trial judge. In the brief on behalf of Mr. Wester, his counsel discusses the burden of proof in fault cases but does so in the context of bolstering his assignment of error that Mrs. Wester should be cast in damages for frivolous appeal. Although Mr. Wester answered the appeal, he did not make any complaint in that answer of the finding of fault of the trial judge. Therefore, the judgment finding Mr. Wester at fault is final. Vail v. Vail, 390 So.2d 978 (La.App. 2d Cir.1980); *801 and Adams v. Adams, 389 So.2d 381 (La.1980).
Neither party has appealed from the judgment of divorce itself.
LAW
The trial court’s finding of fact on the issue of fault will not be disturbed on appeal unless manifestly erroneous. Appellant argues that the trial court committed error in determining that she was at fault. We agree.
In Pearce v. Pearce, 348 So.2d 75, 77 (La.1977) the Louisiana Supreme Court construed the word “fault” as used in LSA-C.C. art. 160 which provides for alimony after divorce. The court stated:
“We have held that under this statute respecting an award of alimony to a wife without ‘fault,’ the word ‘fault’ contemplates conduct or substantial acts of commission or omission by the wife violative of her marital duties and responsibilities. A wife is not deprived of alimony after divorce simply because she was not totally blameless in the marital discord. Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702 (1959); Davieson v. Trapp, 223 La. 776, 66 So.2d 804 (1953); Breffeilh v. Breffeilh, 221 La. 843, 60 So.2d 457 (1952); Adler v. Adler, 239 So.2d 494 (La.App. 4th Cir). To constitute fault, a wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707 (1958).”
The Supreme Court in Adams, supra, interpreted the quoted language to mean that for purposes of permanent alimony, fault which precludes alimony is synonymous with the fault grounds for separation and divorce. Adams, supra, p. 383. In Adams the Supreme Court quoted the language from Pearce set forth above and engaged in further explanation of the meaning of fault. In Adams the wife sued for a separation on the ground of abandonment; the husband reconvened on the ground of cruelty justifying his leaving the matrimonial domicile because of his wife’s jealousy. He apparently based his own reconventional demand on his wife’s acts and manifestations of jealousy. The trial court granted the separation on the ground of mutual fault. The Supreme Court reversed the trial court’s determination of fault on the part of Mrs. Adams. Following the quotation from Pearce, the Supreme Court gave the following additional interpretation of fault:
“Although not specifically mentioning C.C. art. 138(1) — (8), or C.C. art. 137 by name, this language clearly indicates that only such conduct as will entitle one spouse to a separation or divorce under these articles is sufficient to deprive the other spouse of alimony after a final divorce.
“Having determined that ‘fault’ for purposes of permanent alimony preclusion is synonymous with the fault grounds for separation and divorce, it need only be decided whether plaintiff’s actions would have been sufficient to allow defendant to obtain a judgment against plaintiff under C.C. art. 138. We conclude that they were not.
“Defendant’s claim in reconvention was that plaintiff was guilty of cruel treatment toward defendant. The Civil Code provides that a separation on the ground of cruelty may be granted only when it is ‘of such a nature as to render their living together insupportable’, C.C. art. 138(3). We find that mere accusations by plaintiff of an illicit affair between defendant and another woman, and unintrusive rides by plaintiff past defendant’s work place, did not constitute acts of such a severe nature as to allow the rendition of a judgment of separation against plaintiff. See Barron v. Barron, 279 So.2d 208 (La.App. 2d Cir. 1973).” (Footnotes omitted)
In the case at bar we do not know what the trial court found in any conduct of Mrs. Wester that constituted fault which would amount to substantial acts of commission or omission violative of her marital duties, or which would have been sufficient to allow defendant to obtain a judgment against her under LSA-C.C. art. 138. Mr. Wester’s claim in reconvention was that *802 Mrs. Wester was guilty of cruel treatment toward him. As may be observed from Appendix I, the trial court made no findings of fact.
The only evidence in the record to support a claim of fault by Mrs. Wester of such a serious nature as to be an independent cause of the separation or divorce is the testimony of Mr. Wester. His testimony appears to cover three complaints. One is that his wife was jealous, accusatory and suspicious of him of such a nature as to render living together insupportable. The second complaint is that Mr. Wester’s health suffered as a result of Mrs. Wes-ter’s behavior and conduct. The final complaint is that Mrs. Wester mishandled or misplaced a stock certificate and two certificates of deposit causing Mr. Wester much worry and concern.
Mr. Wester cites as an example of the insupportable behavior enunciated in his first complaint the actions of Mrs. Wes-ter on September 5, 1986. The testimony of Mr. Wester on this point was contradicted by Mrs. Wester and was not corroborated by any other testimony or evidence. Nevertheless, assuming Mr. Wester’s account of Mrs. Wester’s behavior on September 5, 1986 was correct, it does not impress us as behavior which would render continued cohabitation insupportable. In fact, it appears that the behavior of the couple represents mere friction and incompatibility between the parties. Acts of jealousy and accusations alone will not constitute cruel treatment under law. Adams v. Adams, supra, and Sanchez v. Sanchez, infra.
Under our law it is clear that a pattern of mutual friction, incompatibility, fussing and bickering is not sufficient to constitute cruel treatment to support separation. Such conduct does not justify a withdrawal from the common dwelling. Smith v. Smith, 528 So.2d 1055 (La.App. 5th Cir. 1988), Oster v. Oster, 480 So.2d 470 (La.App. 5th Cir.1985), writ denied, 481 So.2d 1352 (La.1986); Sanchez v. Sanchez, 490 So.2d 434 (La.App. 5th Cir.1986) and Langton v. Langton, 442 So.2d 1308 (La.App. 3d Cir.1983). We quote as follows from the Oster v. Oster, 480 So.2d 470, 482:
“While abrasive behavior can give an offended spouse the right to leave, mere friction, dissatisfaction or incompatibility, no matter how intense, is not enough to justify a withdrawal from the common dwelling. See Quinn v. Quinn, 412 So.2d 649 (La.App. 2nd Cir.1982), and numerous cases cited therein.
“The Supreme Court of Louisiana, in Pearce v. Pearce, 348 So.2d 75 (La.1977), stated:
“ ‘To constitute fault, a wife’s misconduct must not only be of a serious nature but must also be an independent contributory or proximate cause of the separation.’ -
“As each domestic case is different in at least some respects from all others, every case’s facts and circumstances must be separately evaluated by the courts. Here, the brief submitted on behalf of Mrs. Oster to this Court states that Mr. Oster’s testimony ‘... amounted to no more than a tedious and rather juvenile recitation of bickering and incompatibility.’ More truly, we think, Mr. Oster’s testimony was that of a person who, in his own mind, found his marriage too inharmonious and unbearable to sustain. We do not say that a person in such an unhealthy frame of mind should stay with his or her spouse, but we are saying that if a husband (or a wife, for that matter) finds flaws in his union or in his mate and he withdraws, he does so at his peril unless, as proclaimed in Pearce, his wife’s transgressions are grave enough to be objectively considered an independent contributory or proximate cause of his defection. Mrs. Oster’s alleged wrongdoings do not fall into this category.
“This is not a ease of the trial judge believing Mr. Oster and not Mrs. Oster. It is a ease of a wife being deprived of alimony after an extended marriage and three children because of legally insubstantial and mostly uncorroborated ‘faults’ testified to by her husband.”
*803 As to the second complaint concerning Mr. Wester’s health, there is no evidence in the record to relate the state of Mr. Wes-ter’s health to Mrs. Wester’s conduct. In fact, according to Mr. Wester’s own testimony, Mrs. Wester cooked three meals a day for him, took care of him when he was sick and tried to show affection to him. Despite the self-serving testimony of Mr. Wester concerning the alleged unendurable harassment by his wife, his actions belie the charge that her conduct was insupportable. The couple lived together for forty years before Mr. Wester left their home. He testified that he realized he made a mistake in his marriage from the very start but failed to leave Mrs. Wester because of his love for their firstborn child. After the arrival of other children, he resolved to stay until the children grew to maturity. Yet, he continued to reside with Mrs. Wes-ter for some twelve years after the last of their children left the household.
Finally, as to the complaint about the stock certificate and the certificates of deposit, this court feels that Mrs. Wester’s actions, if true, represent mere friction between the spouses about financial concerns and plans of a nature which is not uncommon. Mr. Wester’s testimony as it stands is not convincing that a condition existed which made living in the home insupportable. Moreover, some of the alleged actions of Mrs. Wester referred to by Mr; Wester actually occurred after he abandoned the marital home.
Neither of the witnesses testifying on Mr. Wester’s behalf had any independent knowledge of any facts testified to by Mr. Wester. In reality, the only witnesses on the issue of fault were Mr. and Mrs. Wes-ter. Even if we give full credence to Mr. Wester’s testimony, we find that he failed to carry his burden of proof to establish fault on the part of Mrs. Wester.
It is our holding that none of the above complaints constitute fault on Mrs. Wes-ter’s part and the trial court abused its discretion in finding Mrs. Wester at fault in the break up of the marriage.
Accordingly, the judgment finding fault on the part of Mrs. Wester will be reversed. (In her answer to Mr. Wester’s reconventional demand Mrs. Wester alleged that she was in need of permanent alimony. However, she made no demand for permanent alimony. Therefore, other than the issue of her alleged fault, her entitlement to permanent alimony is not before the court.)
ALIMONY PENDENTE LITE
As noted above the trial court denied any alimony pendente lite on the ground that Mrs. Wester had retirement income of $752.57, the exclusive use of the family home and family automobile.
LSA-C.C. art. 148 presently provides as follows:
“If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.”
This present version of this article was enacted by amendment in 1979. Acts 1979, No. 72. The meaning and purpose of alimony pendente lite were discussed in general in Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2d Cir.1980). In Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 8d Cir. 1984), we noted that, aside from making the article gender-neutral, the making of an award was made discretionary rather than mandatory.
We summarized in Mouton v. Mouton, 514 So.2d 528 (La.App. 3d Cir.1987) as follows:
“The purpose of alimony pendente lite is to temporarily provide for the spouse who does not have sufficient income for his or her maintenance and to preserve the status quo insofar as maintenance and support are concerned. LSA-C.C. Art. 148; Arrendell v. Arrendell, 390 So.2d 927 (La.App. 2nd Cir.1980). The spouse who claims entitlement to alimony pendente lite bears the burden of proving entitlement under C.C. Art. 148, *804 and must establish the insufficiency of his or her income in proportion to the other’s means. Terjersen v. Terjersen, 420 So.2d 704 (La.App. 4th Cir.1982). In determining alimony pendente lite the trial judge is vested with wide discretion and only manifest abuse of this discretion will move this court to disturb an award of the trial court. Lamb v. Lamb, 427 So.2d 899 (La.App. 3rd Cir.1983).
“Mr. Mouton contends in addressing Mrs. Mouton’s needs the trial court failed to consider her separate property which consisted of a home and approximately |30,000 cash. A spouse is entitled to alimony if the claimant spouse does not have sufficient income for his or her maintenance. Arceneaux v. Arceneaux, 426 So.2d 745 (La.App. 3rd Cir.1983). A spouse is not required to deplete his assets or capital to be entitled to alimony pendente lite. Hernandez v. Vincent, 463 So.2d 61 (La.App. 3rd Cir.1985).”
* * * * * *
“Mr. Mouton next argues that the trial judge should have considered Mrs. Mouton's capacity to work. It is only after all factors relevant to a discretionary award of alimony pendente lite are considered, including the earning capacity of the claimant spouse, that alimony pen-dente lite may be granted. Whipple v. Whipple, 424 So.2d 263 (La.App. 1st Cir. 1982), writ denied, 426 So.2d 179 (La.1983).”
* * * * * *
“Mr. Mouton contends that Mrs. Mouton failed to prove he had the means to pay her alimony pendente lite. We disagree. He argues that his only income is $400 per month and his 87 year old mother has to supplement his income so that his living expenses can be paid. The determination of means with which one spouse is to satisfy the alimony obligation toward the claimant spouse is not based solely on income but also on any resource from which the wants of life may be supplied, and the entire financial condition of the spouse owing such obligation must be examined. Whatley v. Whatley, 430 So.2d 129 (La.App. 2nd Cir. 1983).”
See also Velez v. Velez, 552 So.2d 1271 (La.App. 5th Cir.1989).
We are of the opinion that the trial court erred in this case by denying alimony pendente lite to Mrs. Wester. Mrs. Wester showed a net income of $752.57 per month and expenses of $2,106.90 per month. Mr. Wester has a net income of approximately $14,662 per year and expenses of $1,214.17 per month. There is no requirement that Mrs. Wester deplete her capital before she is entitled to alimony pendente lite. McMath v. Masters, 198 So.2d 734 (La.App. 3d Cir.1967); Hernandez v. Vincent, 463 So.2d 61 (La.App. 3d Cir.1985). Mr. Wester has the means necessary to pay the award of alimony pendente lite, having testified that he accumulated approximately 35 acres of property acquired prior to his marriage, was able to take a vacation to Arizona in the summer of 1987, owns eight rental properties, and owns an IRA account worth approximately $7000 or $8000. As noted in Mouton, the entire financial condition of the person who owes alimony pen-dente lite is examined; the “means” referred to in LSA-C.C. art. 148 is not confined to income.
We have taken into account the fact that Mrs. Wester has been granted the exclusive use of the family home and family automobile. Massie v. Massie, 436 So.2d 739 (La.App. 3d Cir.1983).
We find that the trial court was clearly wrong in its denial of alimony pendente lite to Mrs. Wester and hold that Mrs. Wester had not sufficient income for her maintenance pending suit and Mr. Wester has the means to support an award of alimony pen-dente lite. Mrs. Wester will be awarded the sum of $750 per month in alimony pendente lite retroactive to the date of judicial demand as the record is devoid of any good cause for refusal to do otherwise. LSA-R.S. 9:310.
For the reasons given above that portion of the judgment of the trial court holding that Aurora Eva Wester was at fault and contributed to the break up of the marriage with Vernon Wester is reversed and set *805 aside. That portion of the judgment of the trial court which denies alimony pendente lite to Aurora Eva Wester is reversed, and it is hereby ordered, adjudged and decreed that there be judgment in her favor and against Vernon Wester awarding her alimony pendente lite in the amount of $750 per month retroactive to the date of judicial demand.
The demands of Vernon Wester for frivolous appeal are denied.
The costs of this appeal are assessed to defendant and plaintiff-in-reconvention, Vernon Wester.
REVERSED AND RENDERED.
APPENDIX I
MR. THOMAS: That’s all I have, Your Honor.
MR. ANGLIN: I have no further questions. Does Your Honor have any questions.
THE COURT: No, I have none. You may step down, Mrs. Wester.
MR. ANGLIN: I have no other witnesses on rebuttal.
MR. THOMAS: We have no further case, Your Honor.
THE COURT: Pm ready to rule on this case, if....
MR. ANGLIN: I’ll submit it.
THE COURT: _if it’s submitted.
MR. THOMAS: That’s fine, Your Honor.
THE COURT: The Court finds that neither party is without fault which contributed to the breakup of this marriage. And the evidence is sufficient to confirm that the parties have lived separate and apart for a period exceeding one year. And judgment will be signed in accordance with those reasons upon presentation. And I would urge you gentlemen to talk to your clients one more time before this final judgment is signed and see if perhaps they’ve explored every possibility to reconcile their marriage. Forty some odd years is a lot of time to invest in a marriage and then have it end.
MR. THOMAS: Thank you, Your Honor.
MR. ANGLIN: May it please the Court, would you please for the record make a ruling on the request for pendente lite alimony.
THE COURT: Well, I’ve granted a judgment of divorce, so alimony pendente lite would not be....
MR. ANGLIN: The law is.... Your Honor, I submit that the law is to the effect that her request for pendente lite alimony. And the law states that it is to be awarded retroactive to date of judicial demand.
THE COURT: Oh, I see. Okay. Let me ■make a ruling on that. The Court finds that during the pendency of these proceedings Mrs. Wester has had an income of approximately.... a net monthly income of seven hundred, fifty-two dollars and fifty-seven cents ($752.57). And in addition to that she has had the exclusive use of the family home and the exclusive use of the family automobile, and that as a result of that her income was_and the benefits available to her equaled or exceeded that of Mr. Wester. And therefore there will be no retroactive alimony during that period of time. Are there any other issues that I haven’t addressed that were before the Court?
MR. ANGLIN: Not that I’m aware of.
THE COURT: Court will adjourn until tomorrow morning.
ON REHEARING
Following the rendition of our opinion in this case, Vernon Wester, plaintiff-appellee, applied for a rehearing. We deny the application for rehearing.
In view of the grounds asserted to justify a rehearing by counsel for Vernon Wes-ter, we feel that the interests of justice require that we state our reasons for rejection of the application. As we noted in our opinion, counsel for Vernon Wester in his brief filed with this court of appeal addressed only the question of his claim for damages for frivolous appeal. In the application for rehearing filed on behalf of Mr. Wester, counsel explains that our opinion *806 came as a total surprise to him for the reason that he justifiably assumed that Mrs. Wester abandoned her appeal by failing to file a brief with us as required by the rules of court and that the only matter on appeal in this court was Mr. Wester’s demand for damages for frivolous appeal. Mr. Wester’s counsel filed a brief addressed solely to this question.
Mr. Wester’s counsel states that he received and read our opinion rendered on June 27, 1990 with shock, consternation and embarrassment. He determined from one of the deputy clerks of this court that Aurora Eve Wester had in fact filed with us a brief of some nineteen pages. Mr. Wester’s counsel asserts that Mrs. Wes-ter’s counsel never furnished him with a copy of this brief. Mr. Wester’s counsel calls attention to the fact that our clerk of court wrote Mrs. Wester’s counsel on March 9, 1989 and informed him that he had failed to file a brief within the prescribed twenty-five days after lodging of the appeal and that, if not filed within thirty days, Mrs. Wester’s appeal would be dismissed under Section 2-8.6 of the Uniform Rules of Louisiana Courts of Appeal. Mr. Wester’s counsel asserts that inasmuch as he never received a brief thereafter, he justifiably concluded that none was filed; therefore, in his opinion Mrs. Wester’s appeal was abandoned. Perhaps this assumption is justified, and we are convinced from the brief filed in support of the rehearing application that Mr. Wester’s counsel is sincere in his statements in the position he takes.
Mrs. Wester’s counsel filed an opposition to the application for rehearing and asserts with absolute assurance on his part that he did mail a copy of his brief (mailed after the clerk of court’s letter) to counsel for Mr. Wester. Page 19, the final page of Mrs. Wester’s brief, contains the customary certificate of service showing that Mrs. Wester’s counsel mailed a copy of the brief to Mr. Wester’s counsel. We are equally convinced that Mrs. Wester’s counsel is sincere in his assertions.
On the basis of the facts asserted by counsel we can accept both as being absolutely truthful and correct. There is the possibility, of course, that the brief was lost in the mail and was never delivered. We assure Mr. Wester’s counsel that we find his explanation to be quite plausible and that we do not feel that he has failed his client in anyway. The trial record shows that Mr. Wester’s attorney represented him with much competence and diligence.
We now address the question of whether we should grant a rehearing on the basis of assuming that Mr. Wester’s counsel did not have the benefit of Mrs. Wester’s brief because of a failure of the brief to be delivered to him through the fault of the mail service. We hold that a rehearing should not be granted. Our decision in this case on original hearing was made on the basis of an exhaustive review of the record itself and not on an unquestioned acceptance of any assertions made in Mrs. Wester’s brief. ■ Moreover, our holding was largely based upon applicable law and, as we noted in the opinion, the result on the fault issue would have been the same' by giving full credence to Mr. Wester’s testimony. We may say the same on the issue of alimony pendente lite.
In Mr. Wester’s application he asserts that since the record of trial in this appeal was made up a final resolution of the community property has been reached, and many items of the parties thought to be separate properties of Mr. Wester have been determined to have been community property. Even if this might make a difference in our decision on the question of alimony pendente lite, we need not cite authority for the fact that any evidence not in the record before us .cannot be considered by us.
We deal with one final matter raised in the rehearing application which pertains to the merits of the case as reflected in the appeal record. Mr. Wester challenges our award of $750 per month in alimony pen-dente lite. In his brief counsel refers to “the outrageously inflated monthly income expense sheet presented by Mrs. Wester.” In particular, counsel refers to the following as “inflated” monthly expenses:
*807 Medical expenses $140.00
Telephone bill 150.00
Vacation expenses 250.00
Contributions 100.00
TOTAL $640.00
Assuming that this total amount referred to of $640 should be eliminated, the picture as reflected by Mrs. Wester’s income and expense sheet would be as follows:
Total monthly expenses claimed $2106.90
LESS total net monthly income 752.57
$1354.33
Reduction by eliminating $640 —640.00
$714.33
We awarded Mrs. Wester $750 per month, not the sum of $1353.52 which her income and expense sheet would have justified had it been accepted in its entirety. Moreover, our illustration above allows nothing for the four listed items. Assuming that all of her medical expenses were covered by medical insurance as Mr. Wes-ter claims, Mrs. Wester is certainly entitled to some allotment for telephone bills, vacation and contributions. Consequently, we view our award of $750 per month as fully justified. To further support our decision in this matter, we attach as an appendix to this opinion on rehearing a copy of the affidavit of income and expense affidavit submitted by Mrs. Wester which is. of record.
In Mr. Wester’s brief in support of his rehearing application counsel states: “It is suggested that at the very most, the temporary alimony should have been in the amount of $230 or so which would just about equalize the income of both parties.” Had the trial judge awarded this amount, we might have been hard put to say that such an award was not within his discretion. However, in our opinion the trial judge used no discretion at all. He abused his discretion in awarding nothing with what we regard as inadequate reasons for judgment.
For the foregoing reasons we deny the application for rehearing filed in this case by defendant-appellee, Vernon Wester.
APPENDIX
number 58,330-a.
10th Judicial District Court
Natchitoches Parish, Louisiana
EXHIBIT A
State of Louisiana:
Parish of Caddo:
BEFORE ME, the undersigned authority, personally came and appeared the undersigned, who did depose and say that the following is a true and correct statement of affiant’s monthly income and expenses:
A. Gross Monthly Income
1. Teacher’s Retirement $705.13
2. Railroad Retirement $113.00
Total Gross Monthly Income $ 818.13
LESS Itemized Payroll Deductions:
1. Hospitalization Insurance © 00
2. Life Insurance © 7 — I
($ 65.36) Total Monthly Deductions
$ 752.57 TOTAL NET MONTHLY INCOME
$ 250.00 B. Total Monthly Expenditures Food/Meals Eaten Out
Medical:
Doctor © © ©
Dental © © <M
Drug © © ©
Utilities:
Gas ^ to © © o»
Electric/Water (4 houses) h-4 oo co © © co
Phone K-1 cn © © © co
*808 Insurance:
Burial c4 e/a-
Auto co U5
Medical c4 © «/a-
Clothing c4 ^ ee-
Laundry/Cleaning o L£> e©-
Grooming/Personal Items o oq rH se-
School Expenses:
$ 108.00 Lunch
$ 125.00 Supplies
$ 100.00 Recreation/Special Lessons
$ 250.00 Vacation
Gifts:
Birthdays CO
Christmas CU
Auto Expenses:
Gasoline O
Upkeep —3
Parking
Maid 00
Household Furnishings/Maintenance & Repair
Newspaper
Magazines/Books
Contributions
TOTALS -eg © © <© © rH
(S) Aurora Eva Wester
AURORA EVA WESTER
SWORN TO AND SUBSCRIBED before me, Notary, on this of May, 1988. _6_day
(S) Ramona A. McClaran NOTARY PUBLIC